## CLINKENBEARD ET AL. *v.* UNITED STATES.

On debt upon a distiller's bond to charge him with non-payment of a capacity-tax assessed for an entire month, the distiller may properly show, that without any fault of his own, and that by the omission of the government itself, he was prevented from operating his distillery for the first four days for which he was taxed, and that his distillery was inactive from an accident, and in charge of a government officer, as prescribed by law, for four other days. A capacity-tax assessed during such eight days is erroneously assessed.

Although the act of Congress of July 13th, 1866, declares that no suit shall be maintained for the recovery of any tax erroneously or illegally assessed, until an appeal first be made to the Commissioner of Internal Revenue and a decision had, yet this does not prevent the defendant in a suit brought by the government from setting up as a defence the erroneous assessment or illegality of the tax.

ERROR to the Circuit Court for the Southern District of Ohio; the case being thus:

The internal revenue law of July 20th, 1868,* in its twentieth section, which relates to distillers, after enacting that the assessor shall determine each month whether the distiller has accounted for all the spirits produced, and directing how the quantity shall be determined, thus enacts:

. . . "In case the return of the distiller shall have been less than the quantity thus ascertained, the distiller, or other person liable, shall be assessed for such deficiency at the rate of fifty cents for every proof gallon, together with the special tax of $4 for every cask of forty proof gallons.

"But in no case shall the quantity of spirits returned by the

---

* 15 Stat. at Large, 133.

distiller, together with the quantity so assessed, be for a less quantity of spirits than eighty per centum of the producing *capacity* of the distillery; as estimated under the provisions of this act."

The twenty-second section of the same act, after providing that from an hour after he has given bond, " every distiller shall be deemed to be continuously engaged in the production of distilled spirits in his distillery, *except in the intervals when he shall have suspended work as hereinafter authorized or provided,*" goes on thus to enact:

" Any distiller desiring to suspend work in his distillery may give notice in writing to the assistant assessor of his division, stating when he will suspend work; and on the day mentioned in said notice said assistant assessor shall, at the expense of the distiller, proceed to fasten securely the door of every furnace of every still or boiler in said distillery, by locks and otherwise, and shall adopt such other means as the Commissioner of Internal Revenue shall prescribe to prevent the lighting of any fire in such furnace or under such stills or boilers. No distiller, after having given such notice, shall, after the time stated therein, carry on the business of a distiller on said premises, until he shall have given another notice in writing to said assessor, stating the time when he will resume work; and at the time so stated for resuming work, the assistant assessor shall attend at the distillery to remove said locks and other fastenings, and thereupon, and not before, work may be resumed in said distillery."

The regulations concerning the tax on distilled spirits under the act of July 20th, 1868,* just quoted, require various things to be done in the establishment of warehouses.† They say :

" When approved by the commissioner, a storekeeper will be assigned to such warehouse.

" Such warehouse must be established for each distillery *before* any spirits are distilled."

---

* Series 5, No. 7; see also §§ 15 and 21 of the act of July 20th, 1868.

† Page 15, Series 5, No. 7.

So far as to the enactments or regulations specially relating to distillers.

Certain statutes relating to the recovery of taxes wrongfully collected, and which apply to them as to other taxpayers, are as follows:

An act of June 30th, 1864,* enacts:

"SECTION 44. That the Commissioner of Internal Revenue . . . is hereby authorized, *on appeal to him made,* to remit, refund, and pay back all duties erroneously or illegally assessed or collected."

Section nineteen of an act of July 13th, 1866,† however, provides:

"That no *suit* shall be maintained in any court *for the recovery* of any tax alleged to have been erroneously or illegally assessed or collected, until appeal shall have been duly made to the Commissioner of Internal Revenue, . . . and a decision of said commissioner be had thereon," &c.

These various statutes and regulations being in force, the United States sued Clinkenbeard, a distiller, and his sureties, in debt, on his bond given as a distiller, and dated 11th September, 1868.

Breach, that for the month of October, 1868, Clinkenbeard (the principal) distilled 38,901 proof gallons of spirits, and that there was a deficiency in his returns of 7977 gallons for that month; that the said deficiency was duly assessed, together with the special tax of $4 for every cask of forty proof gallons of said 38,901 gallons, as required by law, which deficiency was still due and unpaid; "nor has said Clinkenbeard . . . paid the tax which has been duly assessed upon the aggregate capacity of the said distillery for making and fermenting grain for the month aforesaid."

Pleas *non est factum* and performance; on which pleas issue was taken.

The plaintiffs, at the trial, gave in evidence the assessment for deficiency referred to in the declaration. The defendants offered in evidence Clinkenbeard's tri-monthly

---

* 13 Stat. at Large, 239.          † 14 Id. 152.

returns, regularly made, on which he had paid the tax, and then offered to show that on the first four days for which taxes were assessed against him by said assessment of deficiency, he was unable to operate his distillery because no storekeeper had been assigned by the government to said distillery; and that for four other days, viz., from 8th to 12th October, he had, by reason of an unavoidable accident, been unable to operate said distillery; that he had given notice required by law of the accident (which notices were produced), and that the machinery during said time was securely fastened by an assistant assessor, and remained fastened, as required by law; and that said four days were included in said assessment for deficiency.

This evidence was overruled, and a verdict and judgment were rendered for $4000 against the defendants. A bill of exceptions was taken, and the question here was whether the defence offered by the defendants was competent or not.

*Mr. G. H. Williams, Attorney-General, and Mr. S. F. Phillips, Solicitor-General, in support of the view that it was not, and of the action of the court below:*

The breaches assigned in the declaration are, failure to pay certain taxes assessed, viz., (1) a *deficiency* tax on about eight thousand gallons of spirits, together with a special tax on about thirty-nine thousand gallons; and (2) a *capacity* tax on his distillery.

Upon the trial, the plaintiffs gave in evidence an assessment for a *deficiency;* and thereupon the defendants offered to show that for several days during the month for which such assessment had been made, his distillery had been idle.

This evidence was properly excluded.

1st. The case does not show that the assessment was upon the *capacity* of the distillery. It may be that the *quantity of material returned by the distiller as actually used by him during the month* warranted the assessment made, and that there was no need to apply the rule of the statute *merely imputing* 80 per cent. production. The assessment in question may amount to more than 80 per cent. We see nothing in the case to

warrant the assumption in the brief of the learned. counsel, that this was a mere *capacity*-tax.

If the assessment were because of material *actually used*, then the plaintiffs in error have no case.

2d. Supposing this were a mere capacity-tax, then the assessment is final against the principal, because of his failing to appeal therefrom to a commissioner. It is equally so with the sureties, the plea being as it is, *joint.* Unless the defence made out under it is good for *all,* it fails for *all.**

*Messrs. Hoadly and Johnson, contra, for the plaintiff in error.*

Mr. Justice BRADLEY delivered the opinion of the court.

If the facts were as set up in the defence, it is difficult to see how the assessment in this case could have been legal. The distiller, without any fault of his own, but by the omission of the government itself, was prevented from operating his distillery for the first four days for which he was taxed, and his distillery was inactive from an accident, and in charge of a government officer, as prescribed by law, for four other days. He could not, without a breach of law, commence distilling till a storekeeper was assigned him, and he acted in compliance with the law when his distillery was stopped by accident. To charge him with the capacity-tax during those eight days was unjust and oppressive.

It is suggested by the government counsel that the case does not show that the assessment was upon the capacity of the distillery; that the quantity of material returned by him as actually used during the month may have warranted the assessment. But the offer was to show that the assessment included those eight days, and the declaration charges, as a breach, that Clinkenbeard did not pay the tax assessed upon the aggregate capacity of the distillery for the month in question. So far as appeared the facts set up in defence rendered the assessment clearly illegal.

But another point raised by the government counsel is

* United States v. Linn, 1 Howard, 104.

that the assessment, not having been appealed from, was *res judicata* and conclusive, and defendant was precluded from showing the contrary.

It is true that the Internal Revenue Act of 1864 authorizes the Commissioner of Internal Revenue, on appeal to him made, to remit, refund, and pay back all taxes erroneously or illegally assessed or collected,* and the amended act of July 13th, 1866, declares that no *suit* shall be maintained for the recovery of any tax alleged to have been erroneously or illegally assessed or collected until such appeal shall have been made, and a decision had.† The suit thus prohibited is a suit brought by the person taxed to recover back a tax illegally assessed and collected. This is different from the case now under consideration, which is a suit brought by the government for collecting the tax, and the person taxed (together with his sureties) is defendant instead of plaintiff. No statute is cited to show that he cannot, when thus sued, set up the defence that the tax was illegally assessed, although he may not have appealed to the commissioner.

Is he precluded by any general rule of law from setting up such a defence? Has an assessment of a tax so far the force and effect of a judicial sentence that it cannot be attacked collaterally, but only by some direct proceeding, such as an appeal or certiorari, for setting it aside?

It is undoubtedly true that the decisions of an assessor or board of assessors, like those of all other administrative commissioners, are of a *quasi* judicial character, and cannot be questioned collaterally when made within the scope of their jurisdiction. But if they assess persons, property, or operations not taxable, such assessment is illegal and cannot form the basis of an action at law for the collection of the tax, however efficacious it may be for the protection of ministerial officers charged with the duty of actual collection by virtue of a regular warrant or authority therefor. When the government elects to resort to the aid of the courts it

---

* Section 44.                          † Section 19.

must abide by the legality of the tax. When it follows the statute its officers have the protection of the statute, and parties must comply with the requirements thereof before they can prosecute as plaintiffs.

The JUDGMENT REVERSED, and

A VENIRE DE NOVO AWARDED.

Mr. Justice CLIFFORD, with whom concurred Justices SWAYNE, DAVIS, and STRONG, dissenting:

I dissent from the opinion and judgment of the court in this case because the evidence offered by the distiller to show that the assessment in question covered eight days in which his distillery could not be operated was not an answer to the whole declaration; nor could it be, as the assessment was for a deficiency and covered the regular tax for a whole month.

Suppose the evidence was admissible, still if it had been admitted it would only have shown that the assessment was excessive in amount, in which state of the case all will agree, I suppose, that the defence must have failed, as the case showed that no appeal had ever been taken to the Secretary of the Treasury, as required by the act of Congress.

Such must be the rule, else it will follow that nothing can be collected of the taxpayer in any case where the assessment is for an amount greater than that authorized by law, which is a proposition at war with the whole system of Federal taxation.