CONNECTICUT & P. R. R. Co. *v.* HENDEE, Receiver, etc.

*(Circuit Court, D. Vermont.  May 25, 1886.)*

In Equity.

---

*In re* DAY and others. ·

*(Circuit Court, S. D. New York.  May 19, 1886.)* ·

1. IMMIGRATION—COMMISSIONERS OF IMMIGRATION—ACT OF AUGUST 3, 1882—CHILDREN—LANDING STOPPED—HABEAS CORPUS—EVIDENCE NOT REVIEWABLE.

The act of August 3, 1882, vests in the commissioners exclusive power to determine whether or not immigrants are likely to become a public charge, and therefore not entitled to land.  Their decision, made upon competent evidence, cannot be reviewed on *habeas corpus,* but may be reconsidered by them at any time before the return of the passengers.  Additional evidence, tending to show that the passengers are not likely to become a public charge, cannot be considered upon *habeas corpus,* but must be presented to the commissioners.

**2. SAME—CASE STATED—COMMISSIONERS MAY RECONSIDER DECISION.**
Seven boys, from 12 to 15 years old, from a reform school in Bristol, England, arrived on the steam-ship W., designed to be sent to homes in Manitoba and in Kansas, their tickets being provided and paid for. The commissioners, not satisfied with the provision said to be made for them, refused permission to land. During investigation, by an arrangement sanctioned by the secretary of the treasury, they were taken to Ward's island, the same not being deemed a landing, and the children were brought, on *habeas corpus*, before the court. Additional facts were presented to the court, showing further sponsors, and pecuniary guaranties against their becoming a public charge. *Held*, that the commissioners had acted within their jurisdiction, and upon competent evidence; and that the new matter must be presented to them; and that the writ must be dismissed.

*Habeas Corpus.*
*Foster & Thompson*, for petitioners.
*Kelly & Macrae*, for Commissioners of Immigration.

BROWN, J. Arthur Day, and the seven other persons for whose benefit this writ of *habeas corpus* was procured, arrived at this port as passengers on the steamer Warwick, on the twenty-fourth of April, 1886. The petition and return show that they are children from 12 to 15 years old, who had been supported by charity at a reform and industrial school, in Bristol, England; that they had been committed to that school by the local magistrates, as truants; that most of them have one parent or both parents living in Bristol; that they were put on the Warwick, and their passage money paid to this country; that certain arrangements had been made looking to the placing of two of the children with a Mr. Hopkins, a farmer, in Manitoba, and of the rest, with persons in Kansas; and that their tickets to Kansas and Manitoba had been provided and paid for. The commissioners of emigration, acting in pursuance of the provisions of the act of congress approved August 3, 1882, (22 St. at Large, 214,) under their employment by the secretary of the treasury, in reference to passengers arriving at this port, upon examination of these children on their arrival, not being wholly satisfied as to the provisions designed for them, found that they were "unable to take care of themselves without becoming a public charge," and reported accordingly to the collector of the port, and their landing was stopped.

Upon this writ of *habeas corpus* it is sought to review the finding of the commissioners of emigration, and to reverse their decision that the children ought not to be permitted to land. Some additional facts favorable to the children have been made known on this hearing, not presented to the commissioners, including a written obligation for each of the children by a responsible resident here, furnishing indemnity against any charge that might be incurred on their account for a period of two years.

1. It is the business of the commissioners, and not of this court, to ascertain the facts, and to determine whether or not any particular passenger comes within the provisions of the statute, so as not

to be entitled to land. Section 2 of the act provides that the commissioners "shall examine into the condition of passengers arriving in any ship or vessel; and, for that purpose, they are authorized to go on board and through any such ship or vessel; and if, on such examination, there shall be found among such passengers any convict, lunatic, idiot, or any person unable to take care of himself or herself without becoming a public charge, they shall report the same in writing to the collector of such port, and such person shall not be permitted to land." The authority of congress to pass such regulations has been repeatedly affirmed; and the validity of the act of 1882 was sustained by the supreme court in the case of *Edye* v. *Robertson*, 112 U. S. 580; S. C. 5 Sup. Ct. Rep. 247.

The provisions above quoted manifestly impose upon the commissioners the duty of determining the facts upon which the refusal of the right to land depends. The general doctrine of the law in such cases is that where the determination of the facts is lodged in a particular officer or tribunal, the decision of that officer or tribunal is conclusive, and cannot be reviewed except as authorized by law. *Foley* v. *Harrison*, 15 How. 448; *Dorsheimer* v. *U. S.*, 7 Wall. 166; *Goodyear* v. *Providence Rubber Co.*, 2 Cliff. 351, 375, affirmed 9 Wall. 788, 798; *Martin* v. *Mott*, 12 Wheat. 19; *Clinkenbeard* v. *U. S.*, 21 Wall. 65, 70; *The Philadelphia, etc.*, v. *Stimpson*, 14 Pet. 448, 458. See *U. S.* v. *Leng*, 18 Fed. Rep. 15–20, and cases there cited; *U. S.* v. *McDowell*, 21 Fed. Rep. 563.

The statute of 1882 makes no provision for any review of the decision of the commissioners upon the evidence before them. No such review can therefore be had upon a writ of *habeas corpus*. That subject was elaborately considered by BLATCHFORD, J., in the *Case of Stupp*, 12 Blatchf. 501, 519, who had been held by a United States commissioner for extradition under the treaty with Belgium. The rule deduced from an examination of the authorities, and of the statutes in reference to the powers of a federal court under a writ of *habeas corpus*, is that "the court issuing the writ must inquire and adjudge whether the commissioner acquired jurisdiction of the matter, by conforming to the requirements of the treaty and the statute; whether he exceeded his jurisdiction; and whether he had any legal or competent evidence of facts before him on which to exercise a judgment as to the criminality of the accused. But such court is not to inquire whether the legal evidence of facts before the commissioner was sufficient or insufficient to warrant his conclusion. * * * The proper inquiry is to be limited to ascertaining whether the commissioner had jurisdiction, and did not exceed his jurisdiction, and had before him legal and competent evidence of facts whereon to pass judgment as to the fact of criminality, and did not arbitrarily commit the accused for surrender without any legal evidence." This rule has been since repeatedly applied, and must govern the present case. See *In re Fowler*, 18 Blatchf. 430, 443, S. C. 4 Fed. Rep. 303, and

cases there cited; *In re Wadge*, 15 Fed. Rep. 864; *In re Byron*, 18 Fed. Rep. 722.

The petition and the return show that the commissioners were acting within their jurisdiction. There was competent evidence before the commissioners for making up a decision, though not all the evidence that has since been made known. The evident youth of the children; their own answers to inquiries; the absence of any person that had legal authority or control over them, or was under any legal responsibility for their support,—were all important facts. Upon these facts it was for the commissioners alone to decide whether there were suitable guaranties against the likelihood that the children might become a public charge. That the commissioners seek to combine humanity with a faithful administration of their public duties is known to the court, and is beyond question.

By the expression "unable to take care of themselves, without becoming a public charge," the law does not intend an inability having reference to the passenger's personal efforts alone. Such a construction would exclude every child from our shores, since no child, by his personal efforts alone, can take care of himself. All the means of care or support that are provided for the passenger, and are available for his benefit, must be taken into account. The law intends those only that are likely to "become a public charge," because they can neither take care of themselves, nor are under the charge or protection of any other person who, by natural relation, or by assumed responsibility, furnishes reasonable assurance that they will not become a charge upon the public.

2. Under the provisions of the act of 1882 the commissioners, so long as they retain jurisdiction over the passengers, and at any time before the return of the passengers to whom landing is refused, may reconsider their decision. Under Section 4 of the act they are charged with its execution up to the time of the actual return of the passengers, and their jurisdiction of the matter continues until the order for return has been executed. In cases like the present, therefore, where the refusal to permit the landing of passengers is based entirely upon the absence of a sufficient guaranty for the proper care of young persons, it may often happen that further knowledge of the facts, or the subsequent furnishing of sufficient sponsors, or of additional guaranties, would remove all reasonable objections. The report to the collector does not oust the commissioners of jurisdiction. That report is not for the purpose of a further hearing before a different tribunal. The passengers, by section 4, still remain subject to the disposition of the commissioners; and there is no reason why any additional facts bearing on the case, that may become known at any time before the passengers are returned, should not be considered. The summary way in which such cases must be determined in the first instance makes such reconsideration in some cases necessary. The case here is much stronger than that of the appraisers.

of merchandise, whom the supreme court, in the case of *Bartlett* v. *Kane,* 16 How. 263, held to be authorized, after their report to the collector, to make a re-examination, and to modify their report, even though an appeal had been already taken from their decision. See, also, *Iasigi* v. *Collector,* 1 Wall. 375, 383.

3. The additional evidence, and the pecuniary guaranties in behalf of the children, produced before me, must be submitted to the commissioners, and not passed upon by this court in the first instance. The court could not undertake to determine their sufficiency without substituting its own judgment upon the facts in place of the judgment of the commissioners, whose duty it is by law to determine the question, and who have never had presented to them the additional matter referred to. As the commissioners are acting clearly within their jurisdiction, and upon competent evidence, this court cannot review their determination upon *habeas corpus.*

The additional matter must be presented to them, and this writ dismissed.