HEETER *v.* FLEMING ET AL.

[No. 17,408.   Filed June 17, 1946.]

*Frank B. Jaqua*, of Portland, and *Frank W. Gordon*, *John H. Edris*, and *John P. Thompson*, all of Bluffton, for appellant.

*James J. Moran*, *Albert A. Abramson*, *Roscoe D. Wheat*, and *Robert L. Smith*, all of Portland, for appellees.

ROYSE, J.—This is an action commenced by appellant against appellees for the alleged wrongful conversion of certain personal property. The pleadings upon which the cause was tried are:

Appellant's complaint which averred, in substance, he was the owner of certain described personal property; that appellees wrongfully and unlawfully confiscated

and converted said property to their own use and disposed of same to appellant's damage in the sum of $6,000.00.

Appellee Fleming's answer of denial and a second paragraph of answer pleading the six-year statute of limitations. He filed a third and fourth paragraph of answer which were withdrawn by leave of court before reply without objection by appellant.

Appellee Van Skyock's answer of denial, a second paragraph of answer pleading the six-year statute of limitations and a third paragraph in which he alleged, in substance, that in August, 1939, he became the owner of certain real estate in Jay County; that for more than ten years prior thereto there was some oil well drilling equipment on said real estate (this is the property involved in this action) ; that he made inquiry as to who owned the property and examined the records in the office of the County Assessor and found no one had listed this property for assessment and that the property was rusted and corroded, having been exposed to the elements without care for more than ten years, and that the property was unfit for use in drilling oil wells and it burdened the use of his land; that he sold said property for junk and that appellant had never asserted any title to such property until after said sale.

Appellee Abromson's answer of denial.

Appellant filed reply denying the allegations of the affirmative paragraphs of answer.

Trial to a jury which returned a verdict in favor of appellees. Judgment accordingly. The error assigned here is the overruling of appellant's motion for a new trial. The only specifications in the motion for a new trial which present any question to us are that the verdict of the jury is contrary to law, and the alleged

error of the trial court in the giving or refusal to give certain instructions.

In this case the verdict and judgment was against appellant who, as plaintiff, had the burden of establishing the material allegations of his complaint. Under such circumstance this court may only examine the evidence to determine whether it conclusively leads to but the single conclusion that the evidence entitles him to relief which was denied by the verdict. *Wilson, Admx.* v. *Rollings et al.* (1938), 214 Ind. 155, 14 N. E. (2d) 905, 15 N. E. (2d) 1016; *Wadler* v. *Mogul Rubber Corp.* (1945), *ante*, p. 152, 61 N. E. (2d) 472.

Appellant contends appellee Fleming, by his third paragraph of answer, admitted he obtained the property in question on a loan from appellant and that he held it as bailee. The record discloses said appellee did file a third paragraph of answer which perhaps warranted appellant's construction. However, it is further disclosed by the record that at the conclusion of all the evidence in this case appellee Fleming, by leave of court and without objection from appellant, withdrew said third paragraph of answer. Appellant, in his brief and in the oral argument, earnestly contends that such withdrawal could have no effect on the admission which he contends was made therein. He relies on the case of *Lesh* v. *Johnston Furniture Company* (1938), 214 Ind. 176, 13 N. E. (2d) 708, 14 N. E. (2d) 537, in support of this contention. We do not regard that case as controlling here. There the answer of admission was not withdrawn.

It is well established that the right to withdraw a pleading is one which rests in the sound discretion of the trial court. Its action in reference thereto will not be disturbed on appeal unless it is clearly shown

there has been an abuse of such discretion. The effect of such a withdrawal is the same as if it had never been filed. 49 C. J. 663, § 941. "An abandoned . . . pleading is out of the case, so far as admissions by rule of pleading are concerned, and therefore, admissions therein may be taken advantage of, according to the majority rule, only by introducing the pleading . . . in evidence." 20 Am. Jur. 534, § 631. In the instant case appellant did not object to the withdrawal of this paragraph of answer nor did he make any effort to have it introduced in evidence. Therefore, we are of the opinion it could not be considered in this case.

We have carefully examined the evidence herein, and while there is a conflict we cannot say it is such that conclusively indicates appellant was entitled to the relief he sought. Hence the verdict is not contrary to law.

Appellant finally contends there was prejudicial error in the giving or refusal to give to the jury certain instructions. Under the heading of Points and Authorities he has failed to cite a single authority in support of his contentions in reference to these instructions. Both in his brief and in the oral argument he has made objections which were not presented to the trial court. Upon proper request the trial court submitted fourteen interrogatories to the jury. The answers to these indicate that if any of the questioned instructions were erroneous the appellant was not harmed thereby. In those instances where complaint is made of the refusal to give certain instructions the record discloses other proper instructions of similar import were given by the court.

After a consideration of all the instructions given to the jury we are of the opinion they fairly and cor-

rectly informed the jury of the various points of law applicable to the pleadings and facts in this case.

Finding no error, the judgment of the Jay Circuit Court is affirmed.

NOTE.—Reported in 67 N. E. (2d) 317.