601 P.2d 360 (1979)
The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF DELTA, State of Colorado, Plaintiff-Appellant and Cross-Appellee,
v.
GOLDENROD CORPORATION, a Colorado Corporation, Defendant-Appellee and Cross-Appellant.
No. 77-1031.
Colorado Court of Appeals, Div. III.
September 13, 1979.
*361 McMartin, Burke, Loser & Fitzgerald, P. C., Ronald S. Loser, James S. Russell, Englewood, for plaintiff-appellant and cross-appellee.
Yegge, Hall & Evans, Michael D. White, David F. Jankowski, Denver, Brown & Brown, James D. Brown, Delta, for defendant-appellee and cross-appellant.
RULAND, Judge.
Plaintiff, The Board of County Commissioners, initiated this action to restrain defendant, Goldenrod Corporation, from soliciting any further sales of its subdivision lots, alleging that Goldenrod had failed to comply with the Board's subdivision regulations. Goldenrod counterclaimed seeking *362 damages for slander of title. Following a trial to the court, it entered judgment dismissing both the complaint and the counterclaim. Both parties appeal. We affirm.
The trial court's findings of fact are not challenged on this appeal, and a summary of those findings suffices to present the relevant facts.
In 1968 Goldenrod acquired two parcels for purposes of completing construction of two subdivisions known as Northridge (80 acres) and Brenner (167 acres). Prior to acquisition of the parcels by Goldenrod, the design and development work had been initiated. This work was completed by Goldenrod prior to August 28, 1972. Except for a few lots in Northridge, underground utilities consisting of water, electricity, and telephone, were installed in both subdivisions. Most of the underground utilities were installed along roads in the subdivisions, and the general manager of Goldenrod consulted with the Board throughout the road construction process. In addition, county crews and equipment participated in construction of part of the roads.
On August 28, 1972, the Board adopted its current subdivision regulations pursuant to § 30-28-133, C.R.S.1973. As of that date thirty-seven of the lots in Northridge (comprising 44½% of the land) had been sold; forty-two of the lots in Brenner (comprising 55% of the land) had been sold. Based upon supporting evidence, the trial court found that both subdivisions were considered "adequate and are probably among some of the better subdivisions now existing in District No. 2" of the county.
The trial court concluded that enforcement of the 1972 regulations against Goldenrod would constitute an unconstitutional retrospective application of those regulations. As to the counterclaim, the court concluded that Goldenrod had failed to prove all of the elements necessary to sustain a claim for slander of title.

I. Exhaustion of Administrative Remedies

The Board first contends that, because Goldenrod failed to first exhaust any administrative remedies, the trial court erred in considering Goldenrod's claim that the regulations were being unconstitutionally applied. The Board argues that Goldenrod was obligated to make application for exemptions or variances from the regulations prior to asserting the constitutional challenge. Under the circumstances of this case, we find no merit in this contention.
Generally, a landowner must first present his objections to land use regulations to the appropriate administrative agency before challenging those regulations in the courts. See, e. g., Heron v. City of Denver, 131 Colo. 501, 283 P.2d 647 (1955); Corper v. City & County of Denver, 36 Colo.App. 118, 536 P.2d 874 (1975), modified, 191 Colo. 252, 552 P.2d 13 (1976). However, we are persuaded that where, as here, a board of county commissioners initiates an action to enforce its subdivision regulations, a landowner is under no obligation to first exhaust available administrative remedies prior to asserting a defense predicated upon allegations of unconstitutionality. See County of Lake v. MacNeal, 24 Ill.2d 253, 181 N.E.2d 85 (1962); see also People ex rel. Commissioner of Agriculture v. Webster, 40 Colo.App. 144, 570 P.2d 560 (1977).
This exception to the exhaustion requirement is based upon the following factors. An administrative agency demonstrates its belief that the regulations are valid by initiating legal action, and it would thus appear futile to require a landowner to undertake the time and expense to present a contrary claim in an administrative proceeding. Conversely, if Goldenrod was precluded from presenting that defense in response to the Board's complaint, judicial machinery could be used to enforce an ordinance that is unconstitutional. MacNeal, supra.

II. Validity of the Regulations

The Board next contends that application of its subdivision regulations to unsold lots in the subdivisions is not unconstitutionally retrospective. We disagree.
*363 Generally, land use regulations may be applied prospectively only. See Denver v. Denver Buick, Inc., 141 Colo. 121, 347 P.2d 919 (1959). And, in Cherry Hills Village v. Trans-Robles Corp., 181 Colo. 356, 509 P.2d 797 (1973), our Supreme Court held that where a developer has expended substantial sums in developing a property prior to adoption of the subdivision regulations and where it further appears that application of the regulations would preclude any reasonable use of that property, the application of the subdivision regulations is unconstitutional as confiscatory. Inasmuch as a substantial part of the subdivision here has been developed at a substantial cost and because approximately $610,000 would be required to bring the remaining lots (valued at approximately $440,000) into compliance, we conclude that similar reasoning precludes application of the Board's regulations retrospectively.
Contrary to the Board's assertion, there is no basis in the record before us to assume that it would grant variances or exemptions sufficient to make impact of the regulations minimal. Indeed, the history of this litigation points to a contrary conclusion.

III. Slander of Title

Goldenrod contends that the trial court erred in concluding that it failed to establish all of the elements of its claim for slander of title. We find no merit in this contention.
Among the elements which Goldenrod was required to prove was that the Board acted with malice. See McNichols v. Conejos K-Corp., 29 Colo.App. 205, 482 P.2d 432 (1971). Ordinarily the determination of whether the Board acted with malice is a question of fact. See McNichols, supra. Section 30-28-133, C.R.S.1973, specifically authorizes proceedings by the Board to enjoin any developer it believes is not acting in compliance with adopted subdivision regulations. Further, the record reflects that the Board initiated this action with the advise of counsel. Under the circumstances of this case, there is sufficient evidence to support the trial court's resolution of this issue, and thus we must affirm that determination. Broncucia v. McGee, 173 Colo. 22, 475 P.2d 336 (1970).
By virtue of the conclusions reached above, we need not consider Goldenrod's other contentions.
Judgment affirmed.
BERMAN and KELLY, JJ., concur.