The METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY, Appellant (Defendant Below),

v.

WAFFLE HOUSE, INC., a/k/a Waffle House Associates, Appellee (Plaintiff Below).

No. 2-281A41.

Court of Appeals of Indiana, Second District.

Aug. 11, 1981.

Rehearing Denied Sept. 23, 1981.

---

Larry F. Whitham, Indianapolis, for appellant.

William F. Lemond, Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

The Metropolitan Development Commission of Marion County (Commission) appeals from a negative judgment rendered against it on its complaint for an injunction to require Waffle House of Indiana, Inc., a/k/a Waffle House Associates (Waffle House) to remove a certain advertising sign from its property and pay a fine to the

Commission, claiming a violation of the applicable zoning ordinance as a matter of law and that Waffle House failed to exhaust its administrative remedies.

We affirm.

## FACTS

The facts most favorable to the decision of the trial court reveal the following:

In October, 1978, following a protracted effort to secure a permit from the Commission allowing the erection of a pole sign, Waffle House erected such a sign at its restaurant at 6825 Graham Road without the benefit of a permit. On March 18, 1980, the Commission filed a complaint against Waffle House requesting a mandatory injunction requiring that the sign be removed and that a fine be levied.

Trial was held to the bench on June 5, 1980. The parties, by stipulation, admitted several exhibits including photographs and detailed maps of the area.

Judgment was entered in favor of defendant Waffle House on the Commission's complaint on July 29, 1980.[1]

## ISSUES

The following issues are presented for review (as consolidated by this court):

1. Is the evidence without conflict that the Commission proved its *prima facie* case, thereby entitling it to the injunctive relief and fine sought?

2. Did the trial court exceed its jurisdiction by considering Waffle House's evidence by way of defense to the Commission's suit despite Waffle House's failure to exhaust administrative remedies?

## DECISION

ISSUE ONE—Is the evidence without conflict that the Commission proved its *prima facie* case, thereby entitling it to the injunctive relief and fines sought?

CONCLUSION—There is conflicting evidence regarding the Commission's *prima facie* case.

---

1. Judgment was also entered in favor of the Commission as defendant on Waffle House's counterclaim seeking damages. That decision has not been appealed.

■ The Commission argues that in order to prove its *prima facie* case entitling it to the relief requested, it must prove the existence of an applicable zoning ordinance and a violation of that ordinance. The existence of an applicable ordinance in this case is undisputed.[2] It is also undisputed that Waffle House violated the ordinance by failing to obtain a permit before erecting its sign. However, our inquiry as an appellate court does not end at this point, as the Commission urges. It is not the role of this court to overturn the decision of a trial court if there is sufficient evidence to support it. *Indiana Department of State Revenue v. Marsh Supermarkets, Inc.*, (1980) Ind.App., 412 N.E.2d 261.

■ The Commission and Waffle House stipulated to the admission of a number of exhibits, including two detailed maps. (Plaintiff's exhibits numbers two and ten). It is conceivable that a party may introduce evidence which in effect is more favorable to his opponent, *Sears, Roebuck & Co. (Auto Dept.) v. Roque*, (1980) Ind.App., 414 N.E.2d 317. In this case the Commission implicitly concedes that a defense is available to Waffle House. In its brief, the Commission states that to deny a permit it must show that either Waffle House erected a sign located within an "integrated center where the Sign Regulations permit only one such sign, *or* Waffle House is an individual commercial use which, pursuant to the Sign Regulations, cannot have a pole sign because it does not have 'direct access to a public street from that property.'" (Appellant's brief at 9, emphasis added). Thus, Waffle House can defend its actions by establishing that it is an individual commercial use with "direct access to a public street from that property." From the exhibits before it, the trial court could have determined that although the Commission presented an undisputed *prima facie* case regarding the existence and violation of an ordinance, Waffle House successfully defended itself by showing that it is entitled to a sign, and a permit under exceptions to the ordinance.

The record in this case contains no findings of fact. "'Where no findings are made the general judgment entered by the court is presumed to be based upon findings supported by the evidence' *Ray v. Goldsmith*, (1980) Ind.App., 400 N.E.2d 176." *Argyelan v. Haviland*, (1981) Ind.App., 418 N.E.2d 569, 571. Because there is evidence within the record supportive of the trial court's decision, we cannot say, as the Commission urges us to, that the negative judgment entered against it was entered upon evidence "without conflict and that such evidence could only reasonably lead to a conclusion contrary to the one reached by the trial judge." *Town & Country Mutual Insurance Co. v. Savage*, (1981) Ind.App., 421 N.E.2d 704, 708; *Bowman Instrument Corp. v. Allied Research Associates, Inc.*, (1979) Ind.App., 392 N.E.2d 825; *Heeter v. Fleming*, (1946) 116 Ind.App. 644, 67 N.E.2d 317. Accordingly, this issue presents no grounds for reversal.

ISSUE TWO—Did the trial court exceed its jurisdiction by considering Waffle House's evidence by way of defense to the Commission's suit despite Waffle House's failure to exhaust administrative remedies?

CONCLUSION—The trial court did not err in considering Waffle House's defenses.

■ Waffle House is the defendant in this case and the Commission is the plaintiff. This represents a reversal of the usual roles of the parties in cases in which judicial review is sought. Waffle House was haled into court by the Commission. As a defendant, Waffle House should not be prevented from presenting evidence in its defense by application of either the rule regarding exhaustion of administrative remedies or the primary jurisdiction rule. "[I]t has been held that the [exhaustion of administrative

2. "[n]o structure shall be located, erected, altered or repaired . . . upon any land within Marion County, Indiana, until an Improvement Location Permit therefor has been applied for by the owner (or authorized agent) thereof and issued by the Metropolitan Development Commission of Marion County, Indiana." Improvement Location Permit Ordinance of Marion County § 1.B.1. ("Structure" defined to include signs at *id.*, § 3.A.1.)

remedies] rule does not apply when an administrative determination is attacked in a judicial proceeding by way of defense only." 73 C.J.S. *Public Administrative Bodies & Procedure* § 41 at 353.

■ In its brief, the Commission argues that the trial court lacks subject matter jurisdiction to hear Waffle House's defensive evidence. The Commission thus seems to rely on the "primary jurisdiction" doctrine as well as the rule regarding exhaustion of remedies. The two rules have been distinguished:

> Another distinction which should be noted is that between the so-called "exhaustion of administrative remedies" doctrine and the "primary jurisdiction" or "primary determination" doctrine. Although the two doctrines are often included within the term "exhaustion of remedies", in essence they involve separate and distinguishable concepts. The "exhaustion" doctrine is a product of judicial self-limitation resembling the requirement of equity jurisdiction—that a litigant has no standing in equity where he has an adequate remedy at law—although matters of comity and need for orderly administrative procedure helped shape the doctrine. The "preliminary jurisdiction" rule, on the other hand, presupposes a complete absence of judicial power to deal with the matter because of a legislative grant of exclusive primary jurisdiction to an administrative body. The basis for the rule is the desire and need for expert administrative judgment on a technical question. The purpose is to prevent a party from bringing a controversy into court prior to the securing of this administrative judgment on a question usually involving complex evidentiary material. See: *Thompson v. Texas Mex. Ry. Co.*, [328] U.S. 134, 66 S.Ct. 937, 90 L.Ed. 1132; *Tex. & P. Ry. Co. v. Amer. Tie & Timber Co.*, 234 U.S. 138, 34 S.Ct. 885, 58 L.Ed. 1255.

*United States v. Fritz Properties* (N.D.Cal. 1950) 89 F.Supp. 772, 777.

It is our conclusion that under either of the interrelated theories, the trial court correctly heard evidence of Waffle House's defenses. Although we find no Indiana authority on point, federal cases speak to the issue.

In *I.C.C. v. Maine Central Railroad Co.* (2d Cir. 1974) 505 F.2d 590, the Interstate Commerce Commission sued Maine Central for illegally abandoning a spur line without having obtained the requisite permit. As in the case at bar, the Commission sought a mandatory injunction. In deciding it had jurisdiction of the controversy, the court said:

> [T]he doctrine of primary jurisdiction, as noted in *United States v. Western Pac. R. Co.*, 352 U.S. 59, 64, 77 S.Ct. 161, 165 [1 L.Ed.2d 126] . . . (1956), 'applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; . . . *this doctrine can have no application where, as here, the very institution of suit in the courts by the relevant administrative body represents an exercise of its "special competence."*

*Id.* 594. (Emphasis added).

Additional rationale for the inapplicability of the primary jurisdiction doctrine is presented by another case:

> [W]hen the agency chooses to go to the district court for enforcement, it makes little sense to refer the very question at issue to the agency. Reference to the CAB of a major issue in a suit in which the Board is plaintiff would be, . . . a "delaying formalism." Professor Davis has written that the principal reason behind the doctrine of primary jurisdiction is the "recognition of the need for orderly and sensible coordination of the work of agencies and of courts." 3 K. Davis, *Administrative Law Treatise* § 19.01 at 5 (1958). *Therefore, the doctrine does not apply when the agency itself is plaintiff.* Id. § 19.02, at 13–14.

*CAB v. Aeromatic Travel Corp.* (2d Cir. 1974) 489 F.2d 251, 254 (Emphasis added).

The logic supporting the position of these cases is compelling: Courts should refrain from premature interference in the administrative process. But when the agency itself prosecutes and as plaintiff initiates a law suit, and is present in court pursuing what it perceives to be its interests, it would be manifestly unfair to require a defendant in this posture to supinely accept damaging evidence presented by the agency without the opportunity to defend against that evidence.

This element of fairness was recognized more than a century ago by the Supreme Court of the United States in *Clinkenbeard v. United States* (1874) 88 U.S. 65, 21 Wall. 65, 22 L.Ed. 477, which dealt with the exhaustion of remedies rule. A distiller was sued by the Internal Revenue for taxes allegedly due on unaccounted-for spirits. He sought to defend in that suit with evidence showing that his distillery had been out of service for a period of time. The Commissioner of Internal Revenue argued that such in-court defense was unavailable to the distiller because he had not appealed to the Commissioner for a refund. The court held:

> It is true that the Internal Revenue Act of 1864 authorized the Commissioner of Internal Revenue, on appeal to him made, to remit, refund, and pay back all taxes erroneously or illegally assessed or collected until such appeal shall have been made, and a decision had. The suit thus prohibited is a suit brought by the person taxed to recover a back tax illegally assessed and collected. *This is different from the case now under consideration,* which is a suit brought by the government for collecting a tax, and *the person taxed ... is the defendant instead of plaintiff.* No statute is cited to show that he cannot, when thus sued, set up the defence that the tax was illegally assessed, although he may not have appealed to the Commissioner.

*Id.* 88 U.S. (Wall.) at 70 (Emphasis added).

*Clinkenbeard* dealt with the exhaustion of remedies rule rather than the primary jurisdiction doctrine. Regardless, it is per-

suasive authority as to Waffle House's ability to defend in this suit. Thus we conclude that neither the exhaustion of administrative remedies rule or the primary jurisdiction rule are applicable to deny Waffle House the right to present evidence on its own behalf.

Having been shown no error on the part of the trial court, it is in all things

AFFIRMED.

SHIELDS and HOFFMAN (sitting by designation), JJ., concur.