**David Austin DOWNEY,
Plaintiff-Appellant,**

v.

**The DEPARTMENT OF REVENUE,
STATE OF COLORADO, and B.R.
Stafford, Defendants-Appellees.**

**No. 81CA0929.**

Colorado Court of Appeals,
Div. III.

Sept. 9, 1982.

Dufford, Waldeck, Ruland, Wise & Milburn, William H.T. Frey, Grand Junction, for plaintiff-appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Roger Morris, Asst. Atty. Gen., Denver, for defendants-appellees.

KELLY, Judge.

David Austin Downey appeals the judgment of the district court affirming the

suspension of his driver's license by the Department of Revenue. We affirm.

■ Downey contends that the district court erred in ruling that he was not acting within the course of his employment under § 42–2–123(1)(a), C.R.S. 1973, which would have entitled him to the 16-point suspension standard of a chauffeur. It is uncontroverted that Downey's status as a chauffeur was not an issue presented to the hearing officer, and the Department argues that the trial court erred in taking additional evidence on this issue. We agree.

In May 1978, a hearing was held before a hearing officer of the Department to determine whether Downey had accumulated sufficient points to warrant suspension of his driver's license. The records of the Department presented at the hearing established that Downey had accumulated three 4-point convictions within a twelve-month period. Accordingly, the hearing officer suspended Downey's license for approximately four months.

Downey appealed the Department's suspension order to the district court. He there raised for the first time the argument that he was a chauffeur and had committed all traffic violations while driving in the course of his employment. The district court heard evidence and arguments, and affirmed the suspension of the Department even though it concluded that Downey was a chauffeur.

The court found that not all violations committed by Downey occurred while he was driving in the course of his employment. We agree with the Department's contention that Downey's complaint raised new issues and arguments not raised in the prior administrative hearing, and that the trial court erred in taking evidence and in ruling upon these issues.

■ Section 24–4–106(6), C.R.S. 1973, provides that "the record on review, unless otherwise stipulated by the parties shall consist of the record before the administrative agency." The parties here have not stipulated to any change in or addition to the record. While it is true that the statute also provides that evidence may be taken independently by the trial court, this authorization is limited to alleged errors, omissions, and irregularities in the agency record. The issues and evidence before the trial court here 'do not fall within these categories. See Tippitt v. Department of Revenue, 541 P.2d 323 (Colo.App.1975) (not selected for official publication).

■ The practice in such cases is governed by the Administrative Procedure Act, § 24–4–101, et seq., C.R.S.1973, and it is an elementary principle of administrative law that, where administrative remedies are provided, they must be exhausted before judicial relief is sought. See Denver-Laramie-Walden Truck Line, Inc. v. Denver-Fort Collins Freight Service, Inc., 156 Colo. 366, 399 P.2d 242 (1965); Heron v. Denver, 131 Colo. 501, 283 P.2d 647 (1955). It is because of the rule requiring exhaustion of administrative remedies that courts generally refuse to consider questions on judicial review which have not been urged before the agency. See Board of County Commissioners v. Goldenrod Corp., 43 Colo.App. 221, 601 P.2d 360 (1979); Raymond Lee Organization, Inc. v. Securities Commission, 36 Colo.App. 417, 543 P.2d 75 (1975), rev'd on other grounds, 192 Colo. 112, 556 P.2d 1209 (1976).

■ Our Supreme Court has frequently pointed out its strict adherence to the doctrine of exhaustion of administrative remedies. See Collopy v. Wildlife Commission, 625 P.2d 994 (Colo.1981); Denver-Laramie-Walden Truck Line Inc. v. Denver-Fort Collins Freight Service, Inc., supra; Heron v. Denver, supra. Nevertheless, as pointed out in Collopy, supra, application of the doctrine is not absolute.

"The principal justification for the exhaustion doctrine is that, by affording administrative agencies an opportunity to correct their errors, it minimizes the risk of premature judicial intervention in the administrative process. Moschetti v. Liquor Licensing Authority of the City of Boulder, 176 Colo. 281, 490 P.2d 299 (1971). This justification becomes less persuasive when existing administrative

remedies are ill-adapted to providing the relief sought, *Denver v. Stackhouse,* 135 Colo. 289, 310 P.2d 296 (1957), and when the matter in controversy raises questions of law rather than issues committed to administrative discretion and expertise, *Hamilton v. City and County of Denver,* 176 Colo. 6, 490 P.2d 1289 (1971)." 625 P.2d 994 at 1006.

We conclude that the converse is also true. The need for application of the rule requiring exhaustion of remedies becomes more persuasive when, as here, the matter in controversy raises the precise questions which are within the expertise of the administrative agency, and are of the very nature the agency was designed to resolve. We hold, therefore, that, in a proceeding in the district court under § 24-4-106, C.R.S. 1973, for judicial review of a Department of Revenue license suspension, the trial court is limited in its review to the record before the Department of Revenue hearing officer, absent the presence of one of the statutory exceptions.

There being nothing before the district court to justify setting aside the agency action, its judgment affirming the license suspension is affirmed.

SMITH and KIRSHBAUM, JJ., concur.