The METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY,
Appellant (Plaintiff Below),

v.

I. CHING, INC., Appellee (Defendant Below).

No. 4–283A56.

Court of Appeals of Indiana,
Fourth District.

March 28, 1984.

Larry F. Whitham, Asst. Corp. Counsel, Indianapolis, for appellant.

William F. LeMond, LeMond, Carson, Yockey, Pehler & Caplin, Indianapolis, for appellee.

YOUNG, Judge.

The Metropolitan Development Commission of Marion County (the Commission) brought suit under Ind.Code 36–7–4–1015 (1982) to enjoin the defendant, I. Ching, Inc., from using its property in violation of the Marion County Dwelling District Zoning Ordinance. In its defense, I. Ching claimed that the zoning ordinance was unconstitutional as applied to its property. The trial court agreed and entered judgment in I. Ching's favor. The Commission appeals, claiming that the trial court erred in allowing I. Ching to raise this defense without exhausting its administrative remedies and that I. Ching failed to prove the ordinance was unconstitutional as applied.

We reverse.

The facts relevant to this appeal are as follows. In 1981, I. Ching purchased the real estate at issue here, a large commercial building on the north side of downtown Indianapolis. The zoning classification of this property is residential. Through the past fifty years, however, previous owners have secured variances to use the property as a garage, a taxi cab company, and (in the late 1950's) a bowling alley with a cocktail lounge. The building is unsuitable for residential use. Since the 1960's the neighborhood has suffered some deterioration. As a result, the bowling alley fell into disuse in the mid-70's, after which the adjoining cocktail lounge became the primary business. After purchasing this property I. Ching continued to operate it as a cocktail lounge and began work to install dining and entertainment facilities in what was formerly the bowling area. At this point, the Commission brought this suit for an injunction, alleging that I. Ching had not obtained an Improvement Location Permit and that the zoning ordinance did not allow the property to be used exclusively as a cocktail lounge or night club. At trial, I. Ching raised the defense that the zoning ordinance was unconstitutionally confiscatory, since it precluded any reasonable use of the property. In response, the Commission argued that this constitutional claim could not be raised in court until I. Ching had exhausted its administrative remedies by seeking a variance. The trial court ruled in favor of I. Ching, and this appeal ensues.

The pivotal issue in this case is whether I. Ching's failure to seek a variance precluded it in this enforcement action from raising the defense that the zoning ordinance left it no reasonable use for its property. It is well settled that a zoning ordinance that permanently "precludes [the landowner's] use of his property for any purpose to which it is reasonably adapted" is unconstitutional as a confiscation of property without just compensation. *Metropolitan Board of Zoning Appeals v. Gateway Corp.*, (1971) 256 Ind. 326, 335, 268 N.E.2d 736, 742; *Town of Homecroft v. Macbeth*, (1958) 238 Ind. 57, 148 N.E.2d 563; *Metropolitan Board of Zoning Appeals v. Sheehan Construction Co.*, (1974) 160 Ind.App. 520, 313 N.E.2d 78. It is equally well settled that landowners seeking to raise this issue must exhaust their administrative remedies by presenting the constitutional issue to the Board of Zoning Appeals before invoking the aid of the courts. *City of East Chicago v. Sinclair Refining Co.*, (1953) 232 Ind. 295, 111 N.E.2d 459; *English v. City of Carmel*, (1978) 178 Ind.App. 140, 381 N.E.2d 540.[1]

---

1. We do not agree with I. Ching's assertion that this general rule requiring exhaustion has been modified or overruled by the decisions in *City of* *Anderson v. Associated Furniture & Appliances, Inc.*, (1981) Ind., 423 N.E.2d 293, and *City of Evansville v. Reis Tire Sales, Inc.*, (1975) 165

It remains unclear, however, whether this exhaustion requirement applies when the one asserting the ordinance's unconstitutionality is the defendant in a suit to enforce the ordinance, rather than a plaintiff seeking a declaratory judgment. A recent decision of this Court has indicated in dicta that the exhaustion requirement does apply against such defendants. *Field v. Area Plan Comm'n,* (1981) Ind.App., 421 N.E.2d 1132, 1138–39 n. 5. For the reasons that follow, we believe this decision states the law correctly. Thus, we agree with the Commission that I. Ching's failure to seek a variance precluded it in this enforcement action from challenging the constitutionality of the zoning ordinance as applied.

We note initially that some courts view the doctrine of exhaustion as "wholly misapplied" where it is invoked not against a plaintiff, but against the defendant in an enforcement action. *United States v. McCrillis,* (1st Cir.1952) 200 F.2d 884, 885; *Smith v. United States,* (1st Cir.1952) 199 F.2d 377; *see Clinkenbeard v. United States,* (1874) 88 U.S. (21 Wall.) 65, 22 L.Ed. 477. The better rule, however, seems to be that, although the doctrine of exhaustion should be applied carefully in such cases to avoid harsh results, *McKart v. United States,* (1969) 395 U.S. 185, 197, 89 S.Ct. 1657, 1664, 23 L.Ed.2d 194, the rule is as applicable to defendants as it is to plaintiffs. *La Verne Co-op. Citrus Ass'n v. United States,* (9th Cir.1944) 143 F.2d 415; *United States v. LaFroscia,* (S.D.N.Y.1973) 354 F.Supp. 1338, *aff'd,* 485 F.2d 457; *Ulman v. United States,* (1977) 558 F.2d 1, 214 Ct.Cl. 308; *Town of Garner v. Weston,* (1965) 263 N.C. 487, 139 S.E.2d 642; *Township of Honey Brook v. Alenovitz,* (1968) 430 Pa. 614, 243 A.2d 330. The rationale is that the considerations of administrative autonomy supporting the doctrine of exhaustion are equally persuasive

whether it is applied to a plaintiff or a defendant. *La Verne Co-op., supra.* Based on these cases, we believe that the doctrine of exhaustion may properly be applied against the defendant in a suit to enforce an administrative rule or order.

Consistent with this general rule, numerous courts have held that where, as here, administrative relief is available from allegedly unconstitutional zoning restrictions, the alleged unconstitutionality generally may not be raised as a defense by one who has failed to seek such relief. *County of Pine v. State,* (1979) Minn., 280 N.W.2d 625; *People v. Calvar Corp.,* (1941) 286 N.Y. 419, 36 N.E.2d 644; *City of Elizabeth City v. LFM Enterprises, Inc.,* (1980) 48 N.C.App. 408, 269 S.E.2d 260; *Township of Honey Brook v. Alenovitz,* (1968) 430 Pa. 614, 243 A.2d 330; *Provo City v. Claudin,* (1936) 91 Utah 60, 63 P.2d 570; 3 A. RATHKOPF & D. RATHKOPF, THE LAW OF ZONING AND PLANNING § 45.04 (4th ed. 1983).

It is true that some courts have held that the defendant in an enforcement suit may challenge the zoning law's validity without exhausting administrative remedies. These decisions rest on the theory that exhaustion would be futile in such a case, either because the administrative agency is powerless to decide the constitutionality of the laws it enforces, *United States v. Kissinger,* (3d Cir.1958) 250 F.2d 940, *Yakima County Clean Air Authority v. Glascam Builders, Inc.,* (1975) 85 Wash.2d 255, 534 P.2d 33, or because, by seeking enforcement, the agency has shown it believes the law is valid. *Board of County Commissioners v. Goldenrod Corp.,* (1979) 43 Colo. App. 221, 601 P.2d 360; *County of Lake v. MacNeal,* (1962) 24 Ill.2d 253, 181 N.E.2d 85; *Johnson's Island, Inc. v. Board of Township Trustees,* (1982) 69 Ohio St.2d 241, 431 N.E.2d 672.

Ind.App. 638, 333 N.E.2d 800. It is true that, in both of these cases, landowners were allowed to challenge zoning ordinances as unconstitutional without having first presented the issue to the Board of Zoning Appeals. Neither of these decisions, however, even discusses the issue of exhaustion. Further, unlike I. Ching, the landowners in both of these cases had first sought administrative relief from the body empowered to amend the ordinance. Thus, neither of these decisions is applicable to this case.

Under Indiana law, however, it would not be futile for a landowner to present a constitutional issue to the Board of Zoning Appeals. The Board clearly has the power to rule on a claim that the zoning ordinance is unconstitutional as applied. *Metropolitan Board of Zoning Appeals v. Gateway Corp.*, (1971) 256 Ind. 326, 268 N.E.2d 736. Indeed, a primary function of the Board's power to grant variances is to provide an "escape hatch" to prevent the zoning ordinances from being confiscatory and thus unconstitutional. *Strange v. Board of Zoning Appeals*, (1981) Ind.App., 428 N.E.2d 1328, 1331. Furthermore, under Indiana law, actions to enforce the zoning laws are brought not by the Board but, as here, by the Metropolitan Development Commission, an entirely distinct body. Ind. Code 36-7-4-1014 (1982). Thus, the filing of an enforcement action by the Commission in no way indicates that the Board of Zoning Appeals believes the ordinance being enforced is valid. For these reasons, exhaustion of administrative remedies is not a futile act in cases such as this one, and the decisions cited above holding exhaustion is not required are inapplicable.

Having decided that the doctrine of exhaustion generally applies to cases such as this one, we must now determine whether the trial court's decision to let I. Ching present its constitutional defense was justified by some exception to the general exhaustion requirement. Such exceptions are most often made where recourse to the administrative agency would be futile or would cause irreparable harm, *Bowen v. Sonnenburg*, (1980) Ind.App., 411 N.E.2d 390, 403, or where the only issue is a purely legal one such as the facial validity of a statute. *Id.; Wilson v. Review Board of the Indiana Employment Security Division*, (1979) 270 Ind. 302, 305, 385 N.E.2d 438, 441, *cert. denied*, 444 U.S. 874, 100 S.Ct. 155, 62 L.Ed.2d 101. We do not,

however, apply the rule mechanistically. Rather, in deciding whether exhaustion of administrative remedies should be required in a given case, we consider the reasons underlying the rule:

> ... the character of the question presented and the competency of the administrative agency to answer that question; the avoidance of premature interruption of the administrative process in recognition of the interest of the agency in developing a factual record upon which to exercise its discretion and apply its expertise without the threat of litigious interference; the interest in permitting an agency to correct its own errors, a process by which unnecessary judicial proceedings are obviated; and the avoidance of deliberate or frequent flouting of established administrative processes. Balanced against these considerations is the extent or imminence of harm to [the claimant] if required to pursue administrative remedies.

*Indiana State Department of Welfare v. Stagner*, (1980) Ind.App., 410 N.E.2d 1348, 1351.

Examining the facts of this case in light of these considerations, we conclude that I. Ching should not have been allowed to bypass its administrative remedies. I. Ching's contention that the zoning ordinance is unconstitutionally restrictive as applied to its property calls for a factual determination of hardship that is clearly within the Board of Zoning Appeals' area of expertise. Further, because the Board has the power to grant a variance with conditions or restrictions—a power not shared by the courts—the Board has a strong interest in being allowed to exercise its discretion. We also note that the Board has in the past been willing to grant variances of use for the property at issue here.[2] Allowing it the opportunity to do so

---

**2.** I. Ching argues that the Board's prior decisions to grant variances of use for this property conclusively settle the constitutional issue in its favor, under the principle of res judicata. This claim lacks merit. In these prior decisions, the Board determined that the residential classification of this property was unduly restrictive and *remedied* this problem by granting variances to use the property for a bowling alley with an auxiliary cocktail lounge. If anything, these prior decisions establish that the variances granted are sufficient to cure any constitutional

again might render further judicial intervention unnecessary. Finally, we agree with the Commission that allowing landowners such as I. Ching to ignore the zoning ordinance, then resist enforcement by claiming, in essence, that they are entitled to a variance, would encourage such landowners to flout the established procedure for securing a variance. These important governmental interests in requiring exhaustion clearly outweigh the harm to I. Ching from being required to present his constitutional claim to the Board of Zoning Appeals before seeking judicial relief. Applying the doctrine of exhaustion here does not forever bar I. Ching from obtaining relief. I. Ching remains free to seek a variance to permit the operation of a night club on its property. Thus, we hold that I. Ching's failure to petition the Board for a variance should have precluded it in this enforcement action from raising the defense that the ordinance unconstitutionally restricted its use of its property.

In reaching this decision, we disagree with I. Ching's argument that affirmance is required under *Metropolitan Development Commission v. Waffle House, Inc.*, (1981) Ind.App., 424 N.E.2d 184. In that case, Waffle House had applied to the Metropolitan Development Commission for a permit to erect a sign. When, after a protracted delay, no permit was forthcoming, Waffle House put up the sign without one. Eighteen months later, the Commission sued to enforce the ordinance forbidding the erecting of a sign without a permit. The trial court ruled in favor of Waffle House, and the court of appeals affirmed based on a finding that, under the applicable sign regulation, Waffle House was clearly entitled to a sign permit. The court rejected the Commission's argument that Waffle House had failed to exhaust its administrative remedies, noting that, " '[I]t has been held that the [exhaustion of administrative remedies] rule does not apply when an administrative determination is attacked in a judi-

cial proceeding by way of defense only.' " 424 N.E.2d at 186–87. The court went on to state that it would be "manifestly unfair" to penalize a defendant for not seeking relief before an agency "when the agency itself prosecutes and as plaintiff initiates a lawsuit, and is present in court pursuing what it perceives to be its interests . . . ." *Id.* at 188. I. Ching contends that, under *Waffle House*, it was properly allowed to raise its constitutional defense without exhausting the administrative remedies.

We disagree. First, to the extent that *Waffle House* indicates the doctrine of exhaustion is per se inapplicable against defendants in enforcement proceedings, it runs counter to the great weight of authority. *See, e.g., La Verne Co-op. Citrus Ass'n v. United States, supra; Ulman v. United States, supra.* Further, *Waffle House* is factually distinguishable from this case. The court in *Waffle House* relied heavily on the fact that the suit had been brought by the very agency charged with the duty of assessing the defendant's application for administrative relief—a recognized exception to the doctrine of exhaustion. *See Board of County Commissioners v. Goldenrod Corp., supra.* In this case, however, suit was not brought by the agency empowered to grant relief to I. Ching. Unlike the court in *Waffle House,* we are not presented with an agency that unreasonably delays in granting a permit, then sues the landowner for operating without one. Another distinction between *Waffle House* and this case is that the issue there was a purely legal one, not calling for the exercise of any administrative expertise or discretion, whereas the constitutional issue here required both administrative expertise and discretion. Thus, because the factors justifying suspension of the exhaustion rule in *Waffle House* are not present here, we hold that I. Ching was required to exhaust its remedies

---

defect in the zoning ordinance, as applied. Thus, the granting of variances in the past clearly does not establish the constitutional defense raised by I. Ching, which required proof that,

even with the previous variances, I. Ching was precluded from any reasonable use of the property.

before the Board of Zoning Appeals. Its failure to do so should have precluded it from raising the matter as a defense in this enforcement proceeding. We accordingly conclude that the trial court erred in entering judgment for I. Ching based on this defense.

■ A remaining question is the disposition of this matter on remand. The Commission does not contend, and we do not believe, that a new trial is necessary to correct the error raised in this appeal. Rather, the Commission asks that we order the trial court to enter judgment for the Commission and grant an injunction against I. Ching. The decision to deny an injunction, however, is a matter initially addressed to the discretion of the trial court, which may deny an injunction for any one of several reasons. *Indiana State Department of Welfare v. Stagner*, (1980) Ind.App., 410 N.E.2d 1348, 1353. Thus, the appropriate relief here is to remand with instructions that the trial court enter its findings on the issues raised by the Commission's original complaint and enter judgment between the parties consistent with those findings. *See Citizens National Bank v. Harvey*, (1976) 167 Ind.App. 582, 339 N.E.2d 604.

The trial court's judgment is accordingly reversed and remanded for further proceedings not inconsistent with this opinion.

CONOVER, P.J., and MILLER, J., concur.