Fred G. Adams et al., Appellants, v. Town of West Seneca et al., Respondents. — Judgment affirmed, with costs. Memorandum: Plaintiffs failed to prove that the property of the defendant was zoned for residence or that its use was restricted in any way by the ordinances of the town. The use districts are not defined by metes and bounds and are only shown by different colors on the zoning map. That the boundaries of the districts might be hard to determine was recognized by the framers of the ordinance. (See Zoning Ordinances, § 22, adopted June 23, 1930.) Even when we attempt to apply the rules applicable to boundaries as shown in that section of the zoning map drawn on a scale of one inch equals 1,000 feet, we are forced to agree with the Referee who found " that there existed doubt as to whether the [premises] were unzoned, farm land described by certain witnesses as ' unrestricted,' or whether

a small portion thereof was so zoned as residential leaving the major portion thereof unzoned." The burden was on the plaintiffs to establish that the land was zoned as " residential" by the 1930 ordinance. They having failed to meet that burden, they are not aggrieved by the proceedings of the town board in approving the building permit for business use. We find nothing in *Rodgers* v. *Village of Tarrytown* (302 N. Y. 115) to the contrary. There the property in question was originally zoned as residential and the amendment " merely provided the mechanics pursuant to which property owners might in the future apply for the redistricting of their property." (P. 125.) Here there was no proof that the property was ever restricted as to its use by any zoning ordinance. All concur. (Appeal from a judgment adjudging the zoning for business of the land owned by defendant Seneca Shopping Plaza, Inc., to be constitutional and valid, and the building permit for the erection of a shopping center thereon to be legal and valid.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ. [See 281 App. Div. 942.]