Bernard S. Meter, J.
In this declaratory judgment action, plaintiffs seek a declaration that the town’s Zoning Ordinance is unconstitutional as applied to their property, and that because of defects in later adopted amendments of the Zoning Ordinance, their property remains districted as provided in the original ordi *782 nance, that is, Residence E — 5000 square feet minimum. At the close of the plaintiffs’ case the court dismissed the cause of action Seeking a declaration of unconstitutionality on the grounds (1) that plaintiffs had failed to prove confiscation, there being no proof of their cost for the property or other dollars and cents proof, and (2) that plaintiffs had failed to sustain the burden of proving beyond a reasonable doubt (Wiggins v. Town of Somers, 4 N Y 2d 215; Fitzgerald v. Town of Oyster Bay, 13 A D 2d 979) that the property cannot be adapted to one-acre zoning, that the zoning is discriminatory, or that it does not conform to a comprehensive plan.
The three remaining causes of action are directed at procedural defects in the adoption of various amendments to the Zoning Ordinance. Since the court concludes that the latest, 1958, amendment is valid, it has not considered the claimed defects in the earlier amendment. The contention that the intention of the Town Board was only to codify and not to rezone any parcel does not avail plaintiffs because such intention is irrelevant (People ex rel. Schali v. Deyo, 181 N. Y. 425). The town’s motion to strike Exhibit 20, which was offered to show that intention, is now granted. The court notes, however, that even were Exhibit 20 not stricken, it would hold that the language used in that exhibit is equivocal and does not so clearly show the claimed intent as to warrant the court in accepting it as a guide.
The court finds that the copy of the notice and zoning map published in the Long Islander on January 30,1958 and inserted in the minute book at the end of the minutes of the January 7, 1958 meeting of the Town Board is the zoning map referred to in the resolution of January 7,1958 calling the public hearing of February 6, 1958 and that the notice and map published in the Long Islander on January 23,1958 and inserted in the ordinance book alongside the affidavits of Louise Junge and Robert McNulty is the document referred to in their respective affidavits. It further finds that the notice of enactment attached to the affidavit of Louise Junge dated February 28, 1958 is the document referred to in Robert McNulty’s affidavit of posting of the notice dated March 4, 1958, and from Mr. McNulty’s testimony, it finds that the zoning map as enacted was actually posted on the Town Hall bulletin board and elsewhere as required by statute. Enactment of the amended map was, therefore, properly published and posted, and, unless the content of the notice of hearing was defective, the public hearing was properly called.
The notice of hearing consisted of eight pages of maps on the first page of which was printed notice of a hearing ‘1 for the purpose of considering the adoption of an Amended Building *783 Zone Map of the Town of Huntington which is annexed hereto and made a part hereof. ” Section 264 of the Town Law requires 10 days’ notice of hearing but does not specify the content of the notice. Section 130 of the Town Law directs that notice be “in general terms describing the proposed ordinance.” The map contained a legend by which the various districts could be distinguished and a scale by which distances on the map could be measured and set forth roads and other landmarks. Residence B district was designated in the legend by solid diagonal lines slanting to the right, and the area so delineated on the map around the intersection of Candlewood Path and Carl’s Straight Path together with the map scale make unmistakeably clear that plaintiffs’ property was placed in Residence B district by the proposed amended map. The notice was, therefore, sufficient in content.
Plaintiffs argue, however, that amendment of the Zoning Ordinance could be accomplished only by an ordinance in words and figures and that the notice which only referred to the map published with it was legally insufficient. The resolution adopted February 18,1958 stated that the Building Zone Ordinance ‘1 be and the same hereby is amended by substituting and adopting the annexed map as the Amended Building Zone Map ’ ’ and attached to the minutes is a copy of the pages of the January 23, 1958 Long Islander on which the proposed amended map was printed. Plaintiffs argue from the use of the words 11 by ordinance ” at the end of the first sentence of section 265 of the Town Law that boundaries may be changed only by ordinance in words and figures, and not by adoption of an amended map. The argument fails for several reasons. First, both sections 264 and 265 of the Town Law speak of amendment of the Zoning Ordinance “ (including any map incorporated therein) ”. Second, the first paragraph of section 264 states that “ The town board shall provide for the manner in which * * * the boundaries of such districts shall be determined, established and enforced, and from time to time amended, supplemented or changed.” Since 1934 or earlier section 2 of article III of the Zoning Ordinance has provided: ‘1 The boundaries of said districts shall be shown upon the map, attached to and made a part of this Ordinance, which shall be designated as a ‘ Amended Building Zone Map of the Town of Huntington, Suffolk County, N. Y.’ The said map and all notations, references and other things shown thereon shall be as much a part of this Ordinance as if matters and things shown by said map were all fully described herein.” And the remaining sections of the article have spelled out how the district lines on the map are to be read *784 and how the scale is to he used and authorized the Board of Appeals to extend a lesser use when a district line divides a lot in single ownership. The Town Law does not limit the method of changing a district boundary to an ordinance stating the boundary in words and figures. It authorizes the Town Board to fix that method and the method fixed by the Huntington Town Board was followed in this case. The resolution of adoption of the amended map was an “ ordinance ” within the meaning of sections 264 and 265 of the Town Law. Therefore, the notice was legally sufficient and the 1958 map, which placed plaintiffs ’ property in Residence B zone, was validly enacted (Matter of Colony Park v. Malone, 25 Misc 2d 1072, 1075).
The cases upon which plaintiffs rely are all distinguishable: Matter of Kensington-Davis Corp. v. Schwab (239 N. Y. 54) because the “ districts ” there provided for were changeable, being measured by a radius from the building for which a permit was sought; Village of Granville v. Krause (131 Misc. 752) and Matter of Wertheimer v. Schwab (124 Misc. 822) because the districts there involved had no fixed boundaries; Adams v. Town of West Seneca (280 App. Div. 1038, motion for leave to appeal denied 305 N. Y. 929), because it held only that plaintiff had failed to sustain the burden of showing that its property was within a district delineated by different colors on the zoning map, without considering at all whether such delineation was valid; and Cordts v. Hutton Company (146 Misc. 10, affd. 241 App. Div. 648, affd. 266 N. Y. 339), because the Special Term decision differentiated (p. 14) vacant parcels such as the instant plaintiffs ’. Moreover, Special Term in that case emphasized the unreasonableness of a regulation making no provision with respect to properties separated without regard to lines, whereas, as above noted, the instant statute allows the Board of Appeals to extend the lesser use in such case. Furthermore, the Special Term decision having also held the districting involved in Cordts to be confiscatory, the affirmances of the decision do not necessarily involve the validity of the map method of fixing district boundaries. Accordingly, the complaint is dismissed, without costs.