In the Matter of WESTCHESTER REFORM TEMPLE, Petitioner, *v.* FRANCIS T. GRIFFIN, as Building Inspector of the Village of Scarsdale, Respondent.

Supreme Court, Westchester County, December 29, 1966.

*Kent, Hazzard, Wilson & Beisheim* for petitioner. *Richard A. Tilden* for respondent. *Smith, Ranscht, Pollock & Barnes, amici curiæ.*

GERALD NOLAN, J. In this proceeding pursuant to article 78 of the CPLR, the petitioner, a religious corporation seeks to compel the Building Inspector of the Village of Scarsdale to issue a permit for the erection in a Residence District, of an addition to an existing temple and for its alteration. The facts are not in dispute. Pursuant to the provisions of the Scarsdale Building Zone Ordinance, petitioner applied to the Planning Commission of the village in March, 1965 for the approval of a site plan for the proposed expanded building. The site plan was approved in June, subject to compliance by petitioner with certain specified conditions, which were not fully complied with until April 21, 1966. On April 21, 1966, pursuant to the requirements of the village code, petitioner filed final plans, which were reviewed by the Building Inspector and referred to the Board of Architectural Review for approval. The plans were approved by that board on May 25, 1966. On that date, since the Scarsdale village code permits churches, and other structures designed for religious purposes in all residence districts, and petitioner had complied with all the requirements of the village code which were in effect when it first applied for a permit, petitioner would have been entitled to a permit, if it were not for the provisions of an ordinance adopted May 10, 1966, which provided that in the case of nonresidential buildings in any Residence A District the Planning Commission should prescribe the height, length and width of all buildings, the percentage of the area of the lot which they should occupy, and the distances which they should be set back from lot lines, and the number of parking spaces to be maintained in connection therewith. The planning board was directed in prescribing such requirements, to take into consideration, among other factors, the general character of the neighborhood, the size and location of the buildings in the vicinity, the extent and types of uses to be made of the proposed buildings, and traffic conditions and parking facilities in the area, and the restrictions to be imposed were required to be consistent with public health, safety and

the general welfare of the community and to be designed *insofar as practicable* (emphasis supplied) to avoid or minimize creation or aggravation of traffic or other hazards, impairment of use, enjoyment or value of properties in the surrounding area, incongruous or detrimental changes in the character of the neighborhood, and deterioration of the appearance of the area. Because of the provisions of this ordinance, when petitioner applied for the issuance of a permit, the Building Inspector declined to issue it, until the Planning Commission should prescribe the height of the buildings, and the other details which it was required to prescribe in accordance with the provisions of the ordinance. No application has been made for further approval by the Planning Commission. On October 11, 1966, the ordinance was amended to provide that the Planning Commission might take into consideration, in imposing restrictions, in connection with applications for expansion or enlargement of nonresidential buildings, additional factors including changes which have taken place which have led to the proposed expansion, whether the proposed expansion is for educational, religious, or benevolent purposes, and whether any curtailment or relocation of the proposed or existing facilities would result in unnecessary hardship.

Petitioner asserts that the ordinance of May 10, 1966 is unconstitutional, insofar as it applies to the Westchester Reform Temple, in that it violates section 3 of article I of the Constitution of the State of New York, and the First and Fourteenth Amendments to the Constitution of the United States, that the Board of Trustees of the village is not empowered to delegate to the Planning Commission the right to fix side yard setbacks, height, or other considerations required by the ordinance, that the ordinance is invalid in that it does not provide for uniform regulation for each class or kind of building throughout the district, and that the ordinance of May 10, 1966 is not retroactive, and petitioner has a vested right to proceed with the completion of the proposed alteration and expansion of its temple.

In my opinion, although petitioner is entitled to a preferred status as a religious corporation seeking permission to alter and expand its place of worship, and has been heretofore put to considerable trouble and expense in attempting to accomplish its purpose, none of these contentions may be sustained. It may be conceded that petitioner's temple may not be excluded, either by direct, or indirect prohibition, from the residential district in which it is located, and that petitioner's right to use its property for religious purposes may not be unreasonably restricted for

the protection of property values, the prevention of noise and other inconveniences, or because of possible traffic hazards (cf. *Matter of Diocese of Rochester* v. *Planning Bd. of Town of Brighton*, 1 N Y 2d 508). That is not to say, however, that reasonable restrictions may not be imposed, on the use of such property, in the interest of public health, safety and welfare (*Matter of Diocese of Rochester, supra*; *Matter of Temple Israel* v. *Plaut*, 10 Misc 2d 1084; *Matter of Garden City Jewish Center* v. *Incorporated Vil. of Garden Center*, 2 Misc 2d 1009 and cf. *People* v. *Stover*, 12 N Y 2d 462). In the instant case the Village of Scarsdale has not attempted to exclude, nor has it yet attempted under the ordinance to regulate, unreasonably or otherwise, the use of petitioner's property. What it has done is to authorize its Planning Commission to regulate such use, '' insofar as practicable '' to avoid or minimize certain stated conditions, consistently with public health, safety and general welfare. The planning board is not required by the ordinance, or the later amendment, to require petitioner to change its plans in any way, or to act in any way which will prevent petitioner from altering and expanding the temple. The court may not anticipate that it will act unreasonably, or arbitrarily or in any way abridge petitioner's constitutional rights. If it shall so exercise its powers, the courts will provide the remedy. Neither does the ordinance constitute an unlawful delegation of authority to the Planning Commission. No reason appears why the Village of Scarsdale may not lawfully delegate to its Planning Commission the discretionary powers which the ordinance provides, so long as it also prescribes standards sufficient to guide the exercise of the administrative discretion (cf. *Matter of City of Utica* v. *Water Control Bd.*, 5 N Y 2d 164, 168–169; *Matter of Aloe* v. *Dassler*, 278 App. Div. 975, affd. 303 N. Y. 878; *People ex rel. Beinert* v. *Miller*, 188 App. Div. 113, 117; *Matter of Bar Harbor Shopping Center* v. *Andrews*, 23 Misc 2d 894, 899), and adequate standards have been prescribed. Neither do the provisions of the General Municipal Law, nor the Village Law indicate a legislative intent to limit the power of the village to delegate such authority (see General Municipal Law, § 239-a, Village Law, § 179-i).

The ordinance does not violate section 176 of the Village Law insofar as it provides that regulations shall be uniform for each class or kind of buildings throughout each district, by delegating discretionary authority to the Planning Commission with respect to height of buildings, side yards, and other matters. (*Matter of Green Point Sav. Bank* v. *Board of Zoning Appeals*, 281

N. Y. 534, 540; *Matter of Mandis* v. *Gorski,* 24 A D 2d 181, 186.) Neither has petitioner any vested rights which require the issuance of a building permit. (*People ex rel. Ortenberg* v. *Bales,* 224 App. Div. 87, affd. 250 N. Y. 598; *Rice* v. *Van Vranken,* 225 App. Div. 179, affd. 255 N. Y. 541.) Nor have facts been shown which require a prospective application of the ordinance, so as to exclude its application to petitioner's case.

Respondent is entitled to judgment, dismissing the petition, and judgment is directed to be entered accordingly.