Richard D. Simons, J.
The question raised by this action is whether a municipal legislative body may validly delegate the power to determine the boundary lines of a zoning district to an administrative officer in cases where an ambiguity exists in the ordinance.
The facts are not in serious doubt. The defendant Paternoster owns two vacant lots, known as 1821-1823 Monroe Street, in the City of Utica. They have been used by defendant Ianno for a retail nursery since March, 1970. The property is situated at the zoning district boundary line between a R-2 residential zone, which prohibits retail use, and a C-2 commercial zone which permits it.
On January 25, 1967 the Utica Common Council adopted the present zoning ordinance effective January 26, 1967 containing the restrictions quoted and adopting an official map for purposes of defining the district boundary lines. What map was actually adopted is not clear. Two exhibits were submitted to the court. They are substantially, but not exactly, the same. Both are drawn to the scale of 1 inch for 1,000 feet. *750 On one map, the district line bisects defendants’ property and on the other it appears to coincide with the easterly boundary. Neither map is determinative, because the boundary lines drawn on the maps are so wide that they almost completely obliterate the outline of defendants ’ property. There are no measurements of any kind defining the boundary lines.
Article III of the ordinance provides certain objective guidelines for determination of the boundaries by reference to street lines, lot lines and so forth. It also provides that “ In case of uncertainty as to the true location of a district boundary line * * * the Planning Director [shall] render his determination with respect thereto.”
On April 14, 1967, the Planning Director determined that the property 1821-1823 Monroe Street is located in a residential zone. That decision was based upon an examination of the two maps referred to above, an examination of a so-called “ neighborhood map ” of the area drawn to a scale of 1 inch for 200 feet, and by a visit to the area and visual examination of it. The “neighborhood map” depicts a district line clearly placing the property in a residential zone. It is not clear that this map was ever presented to the Common Council or used in any of the public hearings prior to adoption of the ordinance. It has been altered by the planning department several times during its use after 1967. In various other areas shown, the “neighborhood map ” does not conform with the zoning map adopted by the council.
None of the objective criteria set forth in the ordinance were of any assistance to the planner in locating the boundary. The decision, placing this land in a residental zone, was solely a professional judgment made by the planner relying on aids extrinsic to the ordinance, a judgment made after the offending use was initiated. There was no evidence that it was the legislative enactment or intendment that this property was to be located in a residential zone.
Plaintiff seeks an injunction. It has the burden of proving that this land was zoned residential as opposed to commercial. (Adams v. Town of West Seneca, 280 App. Div. 1038, mot. for lv. to app. den. 281 App. Div. 942, mot. for lv. to app. den. 305 N. Y. 929.) Zoning ordinances, being in derogation of the common law and the property owners’ rights, must be strictly construed against the municipality. (Matter of Hassett v. Horn, 29 A D 2d 945.) This ordinance, with respect to the defendants’ boundary line is unclear, ambiguous and invalid unless the defect can be cured by the city planner under the authority delegated to him. (Householder v. Town of Grand *751 Island, 36 Misc 2d 862, affd. 280 App. Div. 874, affd. 305 N. Y. 805; see, also, Cordts v. Hutton Co., 146 Misc. 10, affd. 241 App. Div. 648, affd. 266 N. Y. 399.)
Cities acquire the power to establish use districts by delegation from the State. (67 N. Y. Jur., Zoning and Planning Laws, § 6-10.) That power may be exercised only by the person or body upon whom it has been conferred. (Matter of Little v. Young, 82 N. Y. S. 2d 909, affd. 274 App. Div. 1005, affd. 299 N. Y. 699.) The power to fix boundary lines of zoning districts is a legislative act which must be performed by the local legislature. (General City Law, § 83; Anderson, New York Zoning § 8.03; 8 McQuillin, Municipal Corporations [3 ed.], § 25.77.) Administrative fact-finding duties may be delegated to a planner in aid of locating a boundary line established by the Common Council, but it is impermissible to delegate the legislative power to establish the line itself. Provisions, such as those found in this ordinance, which direct the district lines are to follow the center lines of streets, railroad rights of way, existing lot lines and so forth, and directing that the planner locate the lines in accordance with those objective standards, are acceptable delegations of power. (Matter of Westchester Reform Temple v. Griffin, 52 Misc 2d 726.) When the legislative policy has been established, authority may be delegated to determine fact questions necessary to effectuate the legislation. But the boundaries as set by the legislature must be reasonably definite so that a property owner may determine his right by reference to the ordinance and official map itself. He must not be forced to resort to extrinsic evidence to determine his rights.
In this case, the plaintiff’s determination was not based on standards set by the Common Council. It was a decision based upon the professional opinion of the city planning department of what the area should be. The Supreme Court of Delaware has passed on this exact question in Auditorium v. Board of Adj. (47 Del. 373). At pages 382 and 383 it said: “ The boundaries must be definitely established by the ordinance itself. The establishment of zones is ineffective when the fixing of the boundaries of the zones is left to the ungoverned discretion, caprice or arbitrary action of municipal administrative bodies or officials * * * the establishment of zoned boundaries is a legislative function not delegable to an administrative body.” (See, also, 8 McQuillin, Municipal Corporations [3d ed.], § 25.90; Ann. 39 ALR 2d 766.)
Fixing of boundaries by administrative personnel violates the statutory processes required to establish or amend zoning dis *752 trict boundary lines. (General City Law, § 83; Zoning Ordinance of the City of Utica, 1967, art. XI.)
Additionally, the plaintiff argues that defendants had an administrative remedy by applying to the Zoning Board of Appeals when aggrieved by the city planner’s determination and that having failed to do so they have not exhausted their administrative remedies. The burden of proof in this injunction action rests with the plaintiff. (Adams v. Town of West Seneca, 280 App. Div. 1038, mot. for lv. to app. den. 281 App. Div. 942, mot. for lv. to app. den. 305 N. Y. 929, supra.) Having failed to establish the validity of the zoning ordinance insofar as it affects defendants’ property, plaintiff’s complaint must be dismissed.