OPINION
{¶ 1} Defendants-appellants, Tad A. Hay (individually, "Hay"), Rene D. Hay, Kenneth A. Hay, Jr., and Mary Ann Hay (collectively, "defendants"), appeal from a judgment of the Franklin County Municipal Court, Environmental Division, granting the request for permanent injunctive relief of plaintiffs-appellees, Prairie Township Board of Trustees and Office of the Prairie Township Zoning Inspector (collectively, "Prairie Township").
{¶ 2} According to Prairie Township, defendants are record owners of three parcels of real estate in Prairie Township, Franklin County, Ohio. Two of the parcels are located in an agricultural zoning district, and one parcel is located in a general business zoning district. An improved county drainage ditch, known as the Reese County Ditch, traverses the parcel located in the general business zoning district. A previous owner, not the defendants, tiled the ditch at the point where it traverses the parcel.
{¶ 3} Around November 12, 1998, the Prairie Township zoning inspector notified Hay about violations concerning Hay's operation of a trucking business in an agricultural zoning district without a permit, and ordered Hay to take corrective action. Although Hay was informed of an appeal process, Hay did not appeal the zoning violation. Later, through a zoning violation notice dated January 4, 1999, the Prairie Township zoning inspector notified Hay about violations arising from excavation of a drainage pond and fill activities without a permit. The January 4 notice ordered Hay to immediately discontinue all excavation and fill activities, to file an application for a certificate of zoning compliance, and to obtain drainage approval from the township's designated engineer. Although Hay again was informed of an appeal process, Hay did not appeal the zoning violation.
{¶ 4} Approximately one week later, in a zoning violation notice dated January 13, 1999, the Prairie Township zoning inspector again notified Hay about violations concerning the excavation of the drainage pond and fill activities without a zoning compliance certificate. The township zoning inspector ordered Hay to immediately discontinue all fill and excavation activities at the site. Hay was also advised of the need to obtain a conditional use certificate if Hay intended to construct a self-storage or mini-storage facility on the property. As with the other zoning violations, Hay was notified of the opportunity to appeal, but did not appeal.
{¶ 5} According to Prairie Township, in April 1999, Hay applied for a conditional use permit seeking approval for the establishment, construction and operation of self-storage units on the parcel located in the general business zoning district. A hearing to consider the matter was scheduled for May 11, 1999. Because Hay's conditional use permit application was insufficient and incomplete, Hay was granted a continuance. Later Hay also requested a variance to permit the proposed self-storage units to have a greater height than allowed by township zoning resolution and to permit the self-storage facilities to have outdoor storage areas.
{¶ 6} After voluntarily withdrawing the conditional use permit application and variance request, Hay filed new applications for a conditional use permit and a variance. In August 1999, the applications came before the township board of zoning appeals, and were found to be incomplete; Hay again voluntarily withdrew the applications.
{¶ 7} In a zoning violation notice dated March 29, 2000, the township zoning inspector again advised Hay about zoning violations on his property. In the notice, the township zoning inspector alleged Hay had (1) commenced site work without a required zoning permit and had engaged in truck storage, truck maintenance and a trucking business without a required zoning permit, (2) impermissibly operated a truck storage, truck maintenance, materials storage or transfer and trucking business on property located in an agricultural district, (3) performed site work and operated a trucking business that did not comply with location and setback requirements, (4) failed to install required screening, (5) unlawfully parked and stored trucks and earthmoving equipment, oversized and overweight vehicles, and (6) failed to screen the outdoor storage. Hay was ordered to immediately restore the ditch excavation site, fill the pond he had constructed, and discontinue all commercial activities. Although Hay was notified of an appeal process, Hay did not appeal the notice of zoning violations.
{¶ 8} On November 22, 2000, Prairie Township filed a complaint that included requests for a declaratory judgment and injunctive relief. Prairie Township asserted Hay violated multiple township zoning provisions, including (1) excavating the Reese Ditch without township approval, and inadequately or incorrectly installing new pipe or tile that did not comply with county engineer specifications, (2) constructing a pond on the parcel located in the general business district without township approval, (3) impermissibly parking large dump trucks, a bulldozer, and other items of commercial and business equipment, (4) impermissibly storing rock and gravel on the property, and (5) impermissibly maintaining a trucking or hauling business from the property.
{¶ 9} On December 27, 2000, "with the concurrence of other defendants," Hay filed a counterclaim alleging defendants Kenneth Hay, Jr., Mary Ann Hay, and he owned the two parcels located in the agricultural zoning district, while all four defendants owned the parcel located in the general business zoning district.
{¶ 10} Hay further alleged that the Reese Ditch appeared obstructed at the time the property was purchased and did not properly function. According to Hay, while he was in the process of seeking a solution to the drainage problem, he met with representatives from the county engineer's office, the soil and water conservation service, and county commissioners, as well as his own engineer and architect. To improve drainage, Hay admitted to installing a modern plastic drain tile. Hay also admitted to (1) constructing a pond stocked with fish, that served as an amenity for his family, (2) purchasing stone and gravel for placement along the banks of the pond to prevent erosion, (3) filling and grading his property with topsoil to improve the quality of his land, and (4) parking and storing dump trucks on his agriculturally zoned property. Hay, however, denied having a business office on his property related to his hauling business. Because the land is located in an agricultural zoning district, Hay alleged nothing prohibited him from parking or storing his trucks on that land.
{¶ 11} On July 23, 2001, the trial court heard Prairie Township's request for permanent injunctive relief. Following an on-site view of the property at issue, the trial court conducted a hearing on the record in the courtroom. On September 27, 2001, the trial court granted Prairie Township's request for permanent injunctive relief. Without ruling on the merits, the trial court concluded that "[t]he failure to contest those determinations through the administrative appeal process that was available to them, an appeal process that would have included an administrative hearing subject to judicial review, now deprives defendants of the opportunity to contest those determinations in this subsequent judicial proceeding." (Decision, 6.)
{¶ 12} Defendants timely appeal, assigning the following errors:
{¶ 13} "FIRST ASSIGNMENT OF ERROR
{¶ 14} "The Trial Court Erred In Finding That a Failure To Appeal The `Determinations' of The Zoning Inspector to The Township Board of Zoning Appeals Resulted In Res Judicata of All Allegations Contained In The Notices of Zoning Violation Included With Said `Determinations.'
{¶ 15} "SECOND ASSIGNMENT OF ERROR
{¶ 16} "The Permanent Injunction and Order Issued By The Trial Court Herein Does Not Comply With Civil Rule 65(D) In That It Does Not Specify The Terms Of The Injunction In Reasonable Detail But Rather Refers To Other Documents For Such Details.
{¶ 17} "THIRD ASSIGNMENT OF ERROR
{¶ 18} "The Trial Court Erred In Overruling Defendants' Request for Declaratory and Injunctive Relief And In Granting The Relief Requested By The Township. The Trial Court Should Instead Have Found That The Subjects Addressed In This Action Exceeded The Scope Of Regulation Permitted A Township Under Revised Code Chapter 519."
{¶ 19} Defendants' first assignment of error asserts the trial court erred in finding res judicata barred defendants from contesting the factual and legal basis for Prairie Township's request for permanent injunctive relief. Initially, defendants' first assignment of error questions Prairie Township's authority to issue a notice, and adjudge the merits, of a zoning violation. If Prairie Township does not have such authority, then Prairie Township's current practice is invalid, Hay was under no duty to contest the zoning violations he received, and the failure to contest the violations would not bar Hay's litigating the issues in this action.
{¶ 20} Townships have no inherent or constitutional police power; consequently townships have only the zoning power delegated to them by the General Assembly. Ketchel v. Bainbridge Twp. (1990), 52 Ohio St.3d 239,241, rehearing denied, 53 Ohio St.3d 718, certiorari denied, 498 U.S. 1120,111 S.Ct. 1073. See, also, Bd. of Bainbridge Twp. Trustees v. Funtime, Inc. (1990), 55 Ohio St.3d 106, paragraph one of the syllabus. The General Assembly has delegated zoning power to township trustees through R.C. 519.02. Ketchel at 241. Under R.C. 519.02, for the purpose of promoting the public health, safety, and morals, a board of township trustees, in accordance with a comprehensive plan, may regulate by resolution certain aspects of structures and uses of land. See, also, Kasper v. Coury (1990), 51 Ohio St.3d 185, 186.
{¶ 21} Pursuant to R.C. 519.16, a board of township trustees may provide for a system of zoning certificates, and for this purpose a board of township trustees may establish and fill the position of township zoning inspector. See, also, Kasper at 186. Moreover, implied under R.C.519.16 is authority for a zoning inspector to conduct inspections of private property for zoning violations. See 1998 Ohio Atty.Gen.Ops. No. 98-018. See, also, Sustin v. Fee (1982), 69 Ohio St.2d 143, syllabus (suggesting a township zoning inspector acts within the scope of his or her official duties by investigating possible zoning violations).
{¶ 22} Through section 500 of the Zoning Resolution of the Township of Prairie, Franklin County, Ohio, revised October 1999 ("Prairie Township Zoning Resolution"), the office of zoning inspection was created in Prairie Township. According to section 501 of the resolution, the zoning inspector "shall have the following duties: 1. Upon finding that any of the provisions of the Resolution are being violated, he shall notify in writing the person responsible for such violation(s), ordering the action necessary to correct such violation; 2. Order discontinuance of illegal uses of land, building, or structures; 3. Order removal of illegal building or structures or illegal additions or structural alterations; 4. Order discontinuance of any illegal work being done * * *." Consequently, pursuant to authority under R.C. 519.16, as well as the express authority under section 500 of the Prairie Township Zoning Resolution, the Prairie Township zoning inspector has authority to investigate and issue notices of zoning violations.
{¶ 23} Pursuant to R.C. 519.14(A), a township board of zoning appeals may "[h]ear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of sections 519.02 to 519.25
of the Revised Code, or of any resolution adopted pursuant thereto[.]" See Kasper at 186. See, also, R.C. 519.14(D) (providing, in part, that a township board of zoning appeals "may, in conformity with such sections, reverse or affirm, wholly or partly, or may modify the order, requirement, decision, or determination appealed from, and may make such order, requirement, decision, or determination as ought to be made, and to that end has all powers of the officer from whom the appeal is taken"). Similarly, under section 522(1) of the Prairie Township Zoning Resolution, the Prairie Township board of zoning appeals may hear and decide appeals "where it is alleged there is an error in any order, requirement, decision, interpretation, or determination made by the Zoning Inspector." Accordingly, as authorized by R.C. 519.14 and section 522 of the Prairie Township Zoning Resolution, the township board of zoning appeals has authority to hear and decide appeals from determinations of the township zoning inspector.
{¶ 24} In this case, the township zoning inspector served four notices of zoning violations to Hay with instructions for requesting appellate review, and Hay failed to appeal any of the notices. The trial court concluded the failure to appeal the notices of violation precluded defendants from contesting the merits of the violations in the trial court proceedings. Suggested within the trial court's conclusion are the principles of res judicata and failure to exhaust administrative remedies.
{¶ 25} The doctrine of res judicata includes (1) claim preclusion, historically called estoppel by judgment, and (2) issue preclusion, traditionally called collateral estoppel. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381. "The doctrines of res judicata and collateral estoppel preclude relitigation of claims or issues which were litigated or could have been litigated in a prior action. * * * Both doctrines are applicable to administrative hearings of a quasi-judicial nature. * * * Administrative proceedings are deemed quasi-judicial if notice, a hearing and an opportunity to introduce evidence are afforded." In re Lima Mem. Hosp. (1996), 111 Ohio App.3d 225, 229. (Citations omitted.) See, also, Grava at 381; Lamar Outdoor Advertising v. City of Dayton Bd. of Zoning Appeals, Montgomery App. No. 18902, 2002-Ohio-3159, at ¶ 16.
{¶ 26} Exhaustion of administrative remedies, in contrast, is a doctrine of judicial abstention. Lamar Outdoor Advertising at ¶ 17. "It is a well-established principle of Ohio law that, prior to seeking court action in an administrative matter, the party must exhaust the available avenues of administrative relief through administrative appeal." Nemazee v. Mt. Sinai Med. Ctr. (1990), 56 Ohio St.3d 109, 111, quoting Noernberg v. Brook Park (1980), 63 Ohio St.2d 26, 29. The doctrine of exhaustion of administrative remedies is a court-made rule of judicial economy. Nemazee at 111. " `The purpose of the doctrine * * * is to permit an administrative agency to apply its special expertise * * * in developing a factual record without premature judicial intervention.' " Id., quoting S. Ohio Coal Co. v. Donovan (C.A.6, 1985), 774 F.2d 693,702, amended on denial of rehearing (1986), 781 F.2d 57. "Failure to exhaust administrative remedies is not a jurisdictional defect, and such a failure will not justify a collateral attack on an otherwise valid and final judgment; it is an affirmative defense which must be timely asserted in an action or it will be considered waived." The Salvation Army v. Blue Cross Blue Shield of N. Ohio (1993), 92 Ohio App.3d 571,577, citing Gannon v. Perk (1976), 46 Ohio St.2d 301, 309-310; see, also, Driscoll v. Austintown Assoc. (1975), 42 Ohio St.2d 263, 276; Lamar Outdoor Advertising at ¶ 17.
{¶ 27} Recently, the Second District Court of Appeals in Lamar Outdoor Advertising considered whether a party's failure to appeal a zoning inspector's notice to a board of zoning appeals served to operate as res judicata. The appellate court determined that a party's failure to avail itself of judicial or quasi-judicial relief, by failing to appeal a city zoning inspector's notice to the appropriate board of zoning appeals, did not operate as an order granting judicial relief, as res judicata requires. As the court noted, "[t]he notice [of violation] was not issued in a judicial proceeding, or even a quasi-judicial administrative proceeding. It was a purely administrative determination, made by an administrative officer ex parte. Therefore, it lacks the elements that the res judicata bar requires." Id. at ¶ 18. Similarly, in Denune v. City of Springfield, Clark App. No. 01CA0097, 2002-Ohio-3287, at ¶ 19, the court, following Lamar Outdoor Advertising, determined that a party's failure to appeal a fire marshal's order, an ex parte administrative order, created no bar under res judicata because the proceeding in which the order was issued was not of a judicial nature and did not afford the parties an opportunity to litigate the issues.
{¶ 28} Here, like the zoning inspector's order in Lamar Outdoor Advertising, and the fire marshal's order in Denune, the four notices of zoning violations issued to Hay were ex parte administrative determinations. No adjudicative hearing was conducted and no opportunity to introduce evidence was given. Consequently, the administrative determinations were not the result of judicial or quasi-judicial proceedings. See United Food Commercial Workers Union, Local 1059, AFL-CIO v. Pillsbury Co. (2000), 138 Ohio App.3d 427, 434, citing M.J. Kelley Co. v. Cleveland (1972), 32 Ohio St.2d 150.
{¶ 29} Because the ex parte administrative determinations were not issued in judicial or quasi-judicial proceedings, they lacked elements required under the doctrine of res judicata. Moreover, even though Hay had the opportunity to appeal the four notices of zoning violations and failed to do so, his failure to appeal does not alter the fact that the township zoning inspector's orders were not the result of an adjudicative proceeding, and therefore the doctrine of res judicata does not apply. See Greene v. Conrad (Aug. 21, 1997), Franklin App. No. 96APE12-1780, appeal not allowed, 80 Ohio St.3d 1481 ("The requirement for administrative res judicata is that the order to be given preclusive effect be the result of an adjudicative proceeding. The fact that such a proceeding was available to review the administrative order but was not utilized does not alter the fact that the order was not the result of an adjudicative proceeding"). Accordingly, to the extent that the trial court relied on res judicata as a preclusive bar, the trial court erred.
{¶ 30} Although the doctrine of res judicata is inapplicable, the doctrine of failure to exhaust administrative remedies would justify the trial court's abstention from deciding Hay's presented claims, if Prairie Township timely asserted the failure to exhaust administrative remedies. See Lamar Outdoor Advertising at ¶ 19, 20 and Denune at ¶ 20, 21. See, also, Driscoll at 276. Here, in its reply to defendants' counterclaim, Prairie Township raised the issue of failure to pursue administrative remedies in its tenth defense.
{¶ 31} We recognize that the doctrine of failure to exhaust administrative remedies typically is raised as an affirmative defense; the enforcement agency may raise the failure to pursue administrative relief in a civil action initiated by the individual who was cited as being in violation of the pertinent ordinance or resolution. Nonetheless, the failure to exhaust administrative remedies can be applied when, as here, the enforcement agency is forced to file a civil action to stop the asserted violations. See Town of Haddam v. LaPointe (1996), 42 Conn.App. 631, 636, 680 A.2d 1010 ("It is well established that a party must exhaust all administrative remedies before that party may ask a court to rule on the very issues that the administrative process was meant to test"); The Metro. Dev. Comm. of Marion Cty. v. I. Ching, Inc. (1984), 460 N.E.2d 1236 (concluding the doctrine of exhaustion of administrative remedies is "as applicable to defendants as it is to plaintiffs"); Town of Freeport v. Greenlaw (1992), 602 A.2d 1156,1160 ("The failure to appeal from an adverse decision of a municipal code enforcement officer can constitute a failure to exhaust administrative remedies and serve to silence protestations by an aggrieved party that the court failed to decide the merits of substantive issues"); but, see, City of Utica v. Paternoster (1970), 64 Misc.2d 749, 315 N.Y.S.2d 418.
{¶ 32} As applied to Hay, the trial court was justified in abstaining from a decision on the underlying merits of the case, based on Hay's failure to exhaust administrative remedies. See Gunsorek v. Pingue (1999), 135 Ohio App.3d 695, 701, dismissed, appeal not allowed (2000),88 Ohio St.3d 1478, quoting State v. Payton (1997), 124 Ohio App.3d 552,557, dismissed, appeal not allowed (1998), 81 Ohio St.3d 1511 ("when a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial").
{¶ 33} Defendants contend, however, that a preclusive bar should not apply against the other defendants because the notices of zoning violations were addressed and sent to Hay only, not to the other three defendants. Although the Prairie Township Zoning office properly notified Hay about alleged zoning violations, the township zoning office failed to properly notify the other defendants. See Zoning Violations of November 12, 1998, January 4, 1999, January 13, 1999, and March 29, 2000, addressed to Hay only. Because Prairie Township did not properly serve the three other defendants with notice of zoning violations, the other defendants did not have the opportunity to appeal the alleged violation and thus cannot be deemed to have failed to exhaust administrative remedies. See, e.g., Mullane v. Cent. Hanover Bank Trust Co. (1950),339 U.S. 306, 314, 70 S.Ct. 652 ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").
{¶ 34} As a result, although in the trial court the other three defendants were properly served and made parties to Prairie Township's complaint, the trial court improperly rendered judgment against them based on failure to exhaust administrative remedies, as they were not properly served by Prairie Township with notices of alleged zoning violations. Accordingly, although we overrule Tad Hay's first assignment of error, we sustain the first assignment of error of Rene, Kenneth, and Mary Ann Hay to the extent indicated.
{¶ 35} In their second assignment of error, defendants contend the trial court's permanent injunction and order did not comply with Civ.R. 65(D) because it did not specify the terms of the injunction in reasonable detail and it referred to other documents for details. According to Civ.R. 65(D), "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained * * *." Additionally, the staff notes that accompany Civ.R. 65(D) provide that "Rule 65(D) is modeled after Federal Rule 65(d) and requires specific detail in the restraining order or injunction. These provisions are mandatory and should be scrupulously observed."
{¶ 36} "The rule requires that an injunctive order be `specific and detailed enough to give * * * adequate notice of the requirements imposed * * * and * * * not too vague to be understood.' " Mechanical Contrs. Assn. of Cincinnati, Inc. v. Univ. of Cincinnati (2001),141 Ohio App.3d 333, 342, appeal not allowed, 92 Ohio St.3d 1418, quoting State ex rel. Fraternal Order of Police v. Dayton (1977),49 Ohio St.2d 219, 223. "[A]n ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed." Mechanical Contrs. Assn. of Cincinnati, Inc. at 342, quoting Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho (1990), 52 Ohio St.3d 56, 60, rehearing denied, 53 Ohio St.3d 706.
{¶ 37} With respect to the proscription against referring to other documents, some federal circuit courts have found an order that incorporated a document did not violate Fed.R.Civ.P. 65(d) because the incorporated document was attached to the order. See, e.g., LeBlanc-Sternberg v. Fletcher (C.A.2, 1998), 143 F.3d 748, 764 (finding that a copy of an order must be physically appended to comply with Fed.R.Civ.P. 65[d]). Other federal circuits have strictly construed Fed.R.Civ.P 65(d). See, e.g., Thomas v. Brock (C.A.4, 1987), 810 F.2d 448,450 (construing Fed.R.Civ.P. 65[d] to proscribe reference to another document) and Consumers Gas Oil, Inc. v. Farmland Industries, Inc. (C.A.10, 1996), 84 F.3d 367, 371 (strictly construing Fed.R.Civ.P. 65[d] so as to prevent confusion on the part of those faced with injunctive orders and to aid in appellate review).
{¶ 38} A document physically attached to an injunctive order does not necessarily violate the rationale of Civ.R. 65(D). Rather, the relevant inquiry is "whether the parties subject to the injunctive order understood their obligations under the order." Williams v. City of Dothan (C.A.11, 1987), 818 F.2d 755, 761, modified by 828 F.2d 13. Here, the trial court ordered that "[b]y or before November 16, 2001 defendants must prove at a hearing before this Court that they have brought their property into compliance with the Zoning Resolution of Prairie Township by correcting the violations that exist on the property as recited in plaintiffs' exhibits that are attached to and made a part of this entry and Order, and that they have paid the $68 costs of this action * * *." (Permanent Injunction and Order, 6-7.)
{¶ 39} Defendants contend "the intent of the reference is often arguable and no reference to any specific parcel of land is made." (Appellants' brief, 12.) Defendants further contend that, taken most literally, the court appears to have ordered a restoration of the lands to a pre-November 11, 1998 state, as well as the construction of numerous improvements. Prairie Township asserts the zoning violation notices are specific and clear. Moreover, Prairie Township argues defendants' failure to desist from unauthorized activities, and defendants' failure to respond to notices of zoning violations, increased the difficulty of compliance with the trial court's order.
{¶ 40} While Hay's continued unauthorized activities and Hay's failure to respond to notices increased the difficulty of compliance with the trial court's order, the language of the trial court's order and incorporated documents nonetheless is specific and detailed enough to provide adequate notice of the imposed requirements. More particularly, (1) defendants are enjoined from operating a trucking business in an agricultural zoning district, (2) defendants are required to restore areas where Hay performed excavation and fill activities, including replacing drainage tiles with adequate tiles and filling in the pond area, and (3) defendants must discontinue all commercial activities at the properties, including, but not limited to, all truck storage, truck maintenance, materials storage or transfer activities, all outdoor storage activities, and all activities involving or relating to dump-type trucks. Because the trial court's injunction is sufficiently specific, we overrule defendants' second assignment of error. For the reasons discussed under the first assignment of error, however, the trial court's injunction does not apply to any defendant except Tad Hay.
{¶ 41} In their third assignment of error, defendants contend the subjects addressed in this action exceed a township's authority under R.C. Chapter 519. Specifically, defendants contend (1) Prairie Township exceeded statutory authority by attempting to regulate drainage lines, ponds and fill activities, (2) Prairie Township adopted parking regulations that impermissibly prohibit the parking of agricultural vehicles in an agricultural district, and (3) Hay's parking of dump trucks on agriculturally zoned premises does not constitute an impermissible business activity on the property.
{¶ 42} Hay is barred by the doctrine of exhaustion of administrative remedies from contesting those issues because he failed to contest Prairie Township's determination through the administrative appeal process. As noted, however, the doctrine of exhaustion of administrative remedies does not apply to the other three defendants who were not served with notices of violation by the zoning inspector for Prairie Township. Because the trial court incorrectly applied the doctrine to the other defendants, the trial court has not had the opportunity to address the merits of their contentions set forth in their third assignment of error. Accordingly, we decline to address those contentions in the first instance on appeal, but instead allow the trial court the opportunity to address them on remand, absent some other basis that would obviate the need to address the merits of their contentions.
{¶ 43} For the foregoing reasons, we (1) overrule Tad Hay's three assignments of error, (2) sustain the first assignment of error of Rene, Kenneth, and Mary Ann Hay, rendering their third assignment of error moot, and (3) overrule the second assignment of error of Rene, Kenneth, and Mary Ann Hay. The judgment of the trial court is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; case remanded.
TYACK, P.J., and DESHLER, J., concur.